44547. RYDER TRUCK RENTAL, INC. v. MAYO et al.

ARGUED JUNE 2, 1969—DECIDED OCTOBER 16, 1969.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Baxter L. Davis,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellees.

QUILLIAN, Judge. The sole question for our determination is whether the trial judge properly denied the motion to intervene. Counsel for the appellant correctly concedes that Ryder Truck is not allowed to intervene as a matter of right under the provisions of *Code Ann.* § 81A-124 (a) (Ga. L. 1966, pp. 609, 633; 1967, pp. 226, 232; 1968, pp. 1104, 1108). Thus, the only

ground for the allowance of this intervention are contained in *Code Ann.* § 81A-124 (b) which provides: "Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

This section is in substance identical to the so-called "permissive intervention" provision of Rule 24 of the Federal Rules of Civil Procedure. In Kauffman v. Kebert, 16 F. R. D. 225, the Federal court considered this provision under the following factual situation: the plaintiff had brought an action for damages resulting from an automobile collision against the defendant, the operator of another car who filed a counterclaim for his damages; the defendant's wife and son who were also injured in the collision sought to intervene over the objection of plaintiff. After discussing the effects of the intervenor's counterclaim and noting that the intervenor made no effort to defend the action but instead sought affirmative relief, the court pointed out that intervenors are generally required to join with either party and resist the claim of the other or oppose both. The decision then pointed out: "It seems that the applicants here are seeking a shortcut to a lawsuit. They have no interest in the main suit, not being bound by the result thereof, but it appears they desire to step aboard the present going lawsuit as a matter of convenience in the trial of their own case for damages against the plaintiff. They have a right to bring a separate suit. This however, should not be confused with the right to intervene." Kauffman v. Kebert, 16 F. R. D. 225, 228, supra. This reasoning had been followed in other cases. See for example Beard-Laney, Inc. v. Pressley, 18 F. R. D. 162, and Medd v. Westcott, 32 F. R. D. 25; also U. S. v. Third National Bank, 36 F. R. D. 7 (reversed on another ground, 390 U. S. 171).

However, there is a considerable body of authority holding that an intervenor may assert either a compulsory counterclaim or a permissive counterclaim. Switzer Bros. v. Locklin, 207 F2d 483; Lenz v. Wagner, 240 F2d 666. Nevertheless, we

need not resolve this apparent conflict in authority. In construing the Georgia statute, it is enough that we hold that where an intervention is permissive the crucial determination to be made by the trial court, in its discretion, is whether the counterclaim will unduly delay or prejudice the existing parties. See 3B Moore's Federal Practice § 24.10 [4].

Here able counsel for the appellant concedes that there may be an additional issue concerning whether the negligence of the driver of the vehicle would, or would not, be chargeable to the intervenor Ryder Truck. In addition there would be a question as to the measure of damages that Ryder seeks in its counterclaim as opposed to that sought by the defendant Atlanta Flour Company. See Commonwealth Edison Co. v. Allis-Chalmers Mfg. Co., 315 F2d 564. Of course, the discretion of the court in allowing or denying a motion to intervene is a legal one and should not be exercised arbitrarily or capriciously but, in the absence of a clear showing that the trial judge acted arbitrarily, this court should not control the trial judge's discretion in determining whether a permissive motion to intervene would unduly delay or prejudice the adjudication of the rights of the original parties. See Stadin v. Union Electric Co., 309 F2d 912, and Edmondson v. State of Nebraska, 383 F2d 123, 127.

In Nuesse v. Camp, 385 F2d 694, relied upon by appellants, the trial judge failed to exercise his discretion in determining whether to allow an intervention and denied such motion based on erroneous legal theory. The U. S. Court of Appeals reversed on this ground. Here, the trial judge based his denial on the grounds that the intervention did complicate the proceedings and that the disadvantages of allowing the intervention outweighed the advantages. While the fact alone that the intervenor was seeking affirmative relief would not bar the intervention, it was a matter that the trial judge could, and obviously did, consider in determining whether the intervention might delay or prejudice the existing parties. As has been pointed out in the discussion of Rule 24 (b), the fact that an intervenor meets the requirements of a common question of law or fact does not automatically entitle him to be made a party.

Degge v. City of Boulder, Colo., 336 F2d 220; 3B Moore's Federal Practice § 24.10 [4], pp. 24-394 and cases cited.

We cannot hold that the trial judge, as a matter of law, abused his discretion in refusing to allow the intervention.

*Judgment affirmed. Pannell and Evans, JJ., concur.*