28391. BARBER & BARBER, INC. v. BOARD OF
COMMISSIONERS OF NEWTON COUNTY et al.

NICHOLS, Justice. Barber & Barber, Inc. filed a complaint in which
it sought to mandamus the Board of Commissioners of Newton
County to grant permits or authorization for the use of certain
described lands for a mobile home subdivision.

A motion by owners of adjacent and nearby real property to in-
tervene was filed and permitted.

One ground of defense to the plaintiff's complaint was that there
had been no proper service on Newton County. A motion to strike
this defense was overruled, and such ruling made the basis of one
enumeration of error.

A motion for summary judgment was filed by the plaintiffs and
overruled. Such question was certified for immediate review.
*Held:*

1. The appellee, Newton County, in its brief filed in this court has
expressly withdrawn its objection to the alleged improper service
of the complaint upon it. Accordingly, by consent, the judgment
on the motion to strike is reversed.

2. Enumerated as error is the allowance of the intervention by the
alleged "class" represented by the one named intervenor. The
motion to intervene was filed pursuant to § 24 of the Civil
Practice Act as amended (Ga. L. 1968, pp. 1104, 1108; Code Ann.
§ 81A-124 (b)),which provides: "Upon timely application anyone
may be permitted to intervene in an action: (1) when a statute
confers a conditional right to intervene; or (2) when an
applicant's claim or defense and the main action have a question
of law or fact in common. In exercising its discretion the court
shall consider whether the intervention will unduly delay or
prejudice the adjudication of the rights of the original parties."
It has been held that this discretion of the trial court in such
cases will not be controlled unless such discretion is manifestly
abused. See *Ryder Truck Rental, Inc. v. Mayo,* 120 Ga. App. 495
(171 SE2d 542). Compare *Lynn v. Wagstaff Motor Co.,* 126 Ga.
App. 516 (191 SE2d 324).

The statute provides two situations where permissive intervention
is permitted, (1) where a statute so provides and (2) where the

applicant's claim or defense and the main action have a question of law or fact in common.

While § 12 of the Act of 1957 (Ga. L. 1957, pp. 420, 431; Code Ann. § 69-1212) does not expressly provide for intervention by adjoining property owners it does provide that they may seek the enforcement of such zoning ordinances. Thus their claim or defense and the main action would have a common question of law or fact so as to authorize such intervention. Accordingly, the judgment permitting such intervention in the case sub judice was not error.

3. A review of the issue as made by the pleadings together with the affidavits and exhibits in support of and in opposition to the appellants' motion for summary judgment do not remove all issues of fact from the case so as to demand a judgment for the plaintiff. The trial court properly denied the motion for summary judgment.

*Judgment affirmed in part; reversed in part. All the Justices concur.*
ARGUED NOVEMBER 14, 1973 — DECIDED JANUARY 9, 1974.

*Vaughn & Barksdale, Sidney L. Nation,* for appellant.
*Ballard & Thigpen, W. D. Ballard, George W. Griffeth, Troy R. Thigpen, Jr., W. R. Campbell, Campbell & Campbell,* for appellees.