30651. GEORGIA MARBLE COMPANY et al. v. WALKER et al.

GUNTER, Justice.

The appellants will be referred to in this opinion as Georgia Marble; and the appellees, the Board of County Commissioners and certain intervening citizens, will be referred to as the County.

Georgia Marble leased certain land in Newton County and obtained from the state a surface mining license to conduct quarrying operations on the leased land. On May 27, 1975, Georgia Marble obtained a work permit from the County to conduct quarrying operations with respect to portions of the leased land that it contended had been previously quarried. On June 24, 1975, the County revoked this work permit.

On August 1, 1975, the County brought an action against Georgia Marble to temporarily and permanently enjoin it from conducting quarrying operations on the leased property. The trial judge granted a temporary injunction sought by the County, he then conducted a trial, and on October 10, 1975, he entered a judgment that permanently enjoined Georgia Marble from conducting a quarrying operation on the leased property "until defendants properly apply for and obtain a special zoning permit in accordance with the zoning regulations of

Newton County."

Georgia Marble has appealed; and we affirm the judgment below.

1. Georgia Marble concedes that it had not applied for and obtained a special zoning permit in accordance with the zoning regulations of Newton County, but it contends, for several reasons that it urges, that it was not required to do so, and that the trial court's judgment was erroneous.

Georgia Marble's primary contention is that the Georgia Surface Mining Act of 1968 (Code Ann. Ch. 43-14) pre-empted counties from regulating surface mining if it was allowed within their jurisdictions. Its argument is that Newton County, by its zoning regulations, allowed surface mining in the zone in which the leased property was located, and once it had allowed this use, the regulation of the use was lodged in the state under the Georgia Surface Mining Act of 1968.

Its argument goes like this: the leased land was located in an area that Newton County had zoned for surface mining; Georgia Marble had filed its surface mining plan with the state and had obtained a license for surface mining on the leased land from the state; and the County could not compel Georgia Marble to comply with its regulations applicable to surface mining in an area zoned for that purpose.

We reject Georgia Marble's argument on this point. We do not interpret the Surface Mining Act of 1968 as preempting the regulation of surface mining by counties. We think the Act establishes minimum regulations for surface mining that must be complied with throughout the state, but it does not prohibit a political subdivision from enacting and enforcing, through zoning regulations, different or more restrictive requirements than those called for by the state Act and rules promulgated thereunder by the Department of Natural Resources.

The Act provides that an applicant, in making an application to the state for a license to be issued by the state, must submit "a mined land use plan which shall be consistent with the land use in the area of the mine. . ." Code Ann. § 43-1406 (b).

As we read the Act, it in no way prevents a county

from establishing and enforcing reasonable regulations that must be complied with by a surface mining operator on land zoned for that purpose within its jurisdiction. In short, the Surface Mining Act of 1968 has not pre-empted counties in this regard, and its requirements and reasonable local government regulations that are different from and more restrictive than the state's requirements are not incompatible.

In *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) (1972) we said: "Reasonable regulations and reasonable conditions imposed upon a 'use of land' are regulations and conditions subsequent to the 'permitted use,' and these conditions and regulations subsequent are enforced by the withholding of building permits and occupancy permits." P. 265. It is true that in *Gifford-Hill* the pre-emptive argument was not made; it was not urged in that case that reasonable regulations and conditions, enacted by the local governing body, were prohibited by the Surface Mining Act of 1968; nevertheless, we adhere to what we said there, and we hold that the Act does not proscribe such local regulation of surface mining.

Since Georgia Marble in this case did not comply with the local zoning ordinance, the trial judge's ruling was correct.

2. Georgia Marble also contends that it did not have to comply with the local zoning ordinance, because its leased land had been quarried prior to the enactment of the zoning ordinance, and that its operation was not a "new operation" that was subject to the zoning ordinance.

The zoning ordinance provided that any extension of current quarrying operations beyond the property lines actually quarried at the effective date of the ordinance would be considered a new operation subject to the provisions of the ordinance.

The trial judge ruled that Georgia Marble's operation was subject to the provisions of the ordinance. This was a fact question, and the evidence in the record amply supports the trial judge's conclusion.

3. Georgia Marble's other enumerated errors are controlled by our rulings in Divisions 1 and 2 of this opinion and are without merit.

*Judgment affirmed. All the Justices concur.*

548

*Ballard, Thigpen & Griffith, W. D. Ballard, Hansell, Post, Brandon & Dorsey, John H. Boman, Jr., Howard O. Hunter,* for appellants.

*Crudup & Howell, John P. Howell, Cotton, Katz & White, Stacey W. Cotton, David W. Pollard,* for appellees.