### 32645. ALLGOOD et al. v. GEORGIA MARBLE COMPANY et al.

HALL, Justice.

In November, 1975, Georgia Marble applied for the "special zoning permit" necessary to begin quarrying operations in Newton County.[1] The planning commission recommended that the permit be denied, and the board of commissioners did so. The board of zoning appeals found no error on appeal, and Georgia Marble appealed to the superior court. The court ruled in favor of Georgia Marble, holding that the commissioners had no discretion to deny the permit under the facts. The commissioners did not appeal, but prior to the end of the time for appeal appellants sought to intervene under Code Ann. § 81A-124 (b). This was denied, and in this appeal the issue is whether the trial court abused its discretion in denying permissive intervention.

---

[1] Georgia Marble originally thought it was exempt from the requirement of obtaining a permit. This issue

Whether permissive intervention should be granted is a question addressed to the sound discretion of the trial court. Code Ann. § 81A-124 (b); *Ryder Truck Rental v. Mayo,* 120 Ga. App. 495, 498 (171 SE2d 542) (1969); 3B Moore's Federal Practice § 24.10[4]. We will not reverse a grant or denial of permissive intervention unless there is an abuse of discretion. *Barber & Barber v. Bd. of Commissioners of Newton County,* 231 Ga. 574 (203 SE2d 192) (1974). While the trial court must consider the question of "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties," (Code Ann. § 81A-124 (b)), the court is not limited to considering this factor alone. See 3B Moore's Federal Practice § 24.10[4], and cits. On the contrary, there are a variety of relevant considerations, and the trial court should not focus exclusively on the issue of prejudice to the existing parties. See *Sta-Power Industries v. Avant,* 134 Ga. App. 952, 958 (216 SE2d 897) (1975). While the application to intervene must be timely, an application made for the first time after judgment may be timely under the circumstances.[2] Id. See *Liberty Nat. Bank &c. Co. v. Diamond,* 231 Ga. 321, 325 (201 SE2d 400) (1973).

We cannot conclude that the trial court abused its discretion in denying intervention under the facts of this case. The suit involved the narrow issue of the discretion of the board of county commissioners to deny a permit. Appellants were only incidentally affected by the decision, i.e. they would have benefited by the opposite decision, but stood to lose none of their rights under the decision as rendered. They are not bound by that decision, and are free to pursue their preexisting remedies for any

___

was decided adversely to it in *Ga. Marble Co. v. Walker,* 236 Ga. 545 (224 SE2d 394) (1976). After losing in the trial court, the company applied for a permit while the appeal in that case was pending in order to expedite the administrative process in the event it lost on appeal. This suit arises out of that application.

[2] In light of our decision below we do not rule on whether appellant's application was timely.

legal wrong inflicted on them. Appellants have not suggested any arguably meritorious grounds for appealing the February 9th ruling, although they have argued the merits of that order both to the trial court and on appeal. Moreover, the board of county commissioners is the body most interested in the outcome of the main case, yet it chose not to appeal.[3]

The trial court did not abuse its discretion in denying the post-judgment intervention.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED
OCTOBER 20, 1977.

*Crudup & Howell, John P. Howell,* for appellants.

*Hansell, Post, Brandon & Dorsey, William J. Seigler, III, John H. Boman, Jr., Johnson, Craig & Strauss, Philip A. Johnson, Ballard & Thigpen, W. D. Ballard,* for appellees.

---

[3] The fact that the losing party at trial chooses not to appeal may in some cases be a reason for *allowing* post-judgment intervention for the purpose of appeal. But under these circumstances, the fact that the most interested party chose not to appeal is a factor supporting denial of intervention.