32591, 32592. MT. PARAN AREA CIVIC ASSOCIATION, INC. v. CATES et al. (two cases).

NICHOLS, Chief Justice.

Cates owned a lot and commercial building in the City of Atlanta at the time the zoning ordinance was adopted, zoning the property R-1, single-family residence. As an existing use, it became a nonconforming use under the ordinance and subject to certain restrictions. Section 26.50 of the ordinance provided that no repairs or

maintenance work could be done which exceeded ten percent of the replacement cost in any twelve consecutive months. Cates applied for a permit to make repairs, which was issued. When it was determined that repairs would exceed the ten percent limit, the permit was revoked and a stop work order issued.

Cates brought a mandamus action to compel the building inspector to reinstate the permit, alleging that the repairs were necessary to bring the building into compliance with the electrical and building code of the city; therefore, it was exempt from the ten percent requirement for ordinary repairs.

Mt. Paran Civic Association filed a motion to intervene as a defendant which was denied by the trial court. Case No. 32591 appeals from this ruling, and Case No. 32592 appeals from a denial of a motion for a complete transcript of the evidence and proceedings at the trial of the case.

1. Where permissive intervention is sought, Code Ann. § 81A-124 (b) (Ga. L. 1966, pp. 609, 633; 1967, pp. 226, 232; 1968, pp. 1104, 1108) confers a discretion upon the court, and this court in *Barber & Barber, Inc. v. Bd. of Commrs. of Newton County,* 231 Ga. 574 (2) (203 SE2d 192) (1974), said: "It has been held that this discretion of the trial court in such cases will not be controlled unless such discretion is manifestly abused. See *Ryder Truck Rental, Inc. v. Mayo,* 120 Ga. App. 495 (171 SE2d 542). Compare *Lynn v. Wagstaff Motor Co.,* 126 Ga. App. 516 (191 SE2d 324)."

We cannot say that the trial court abused its discretion or that appellant's interests were not adequately represented by the original parties since the defendant prevailed in the mandamus action. The remaining enumerations of error are rendered moot by this ruling.

2. The appeal in Case No. 32592 has been rendered moot by the filing in this court of the entire record of the proceedings in the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Moffett, Henderson & Bishop, W. Kent Bishop,* for appellant.

*Webb, Young, Daniel & Murphy, Robert G. Young, Ralph H. Witt, Ferrin Y. Mathews,* for appellees.