## 56002. PARDUE CONSTRUCTION COMPANY et al. v. CITY OF TOCCOA.

SMITH, Judge.

The City of Toccoa contracted with Pardue Construction Company to do certain construction work in an urban improvement project. The Travelers Indemnity Company issued a performance bond on behalf of Pardue. Alleging the materials and workmanship were deficient under the contract, Toccoa sued Pardue and Travelers. From judgment entered on a jury verdict against them, Pardue and Travelers appeal. The enumerations of error deal with whether the trial court erred in denying several motions for directed verdict, whether the court erred in denying a motion for leave to implead third-party defendants, whether the complaint could be amended to seek higher damages, and whether certain evidence was properly excluded. We find no error and affirm.

1. The court properly refused to direct a verdict in appellants' favor on the breach of contract claim. Toccoa's

documentary and testimonial evidence was sufficient to create a question of fact as to whether Pardue had, or had not, breached the terms of the construction contract.

2. Travelers' indemnification bond provided, "Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due." Under the contract, final payment to the contractor was due after "final inspection and acceptance by the local public agency" and upon submission of a "requisition for final payment." Although the work was substantially completed in March, 1972, Toccoa introduced a document purporting to be the above mentioned requisition; it was dated October 4, 1973. Suit was filed on February 21, 1975. There was, at the least, a question of fact as to whether suit was filed within two years of the time final payment became due. The contractual provisions for invoicing final payments take this case out of the range of *Pickett v. Chamblee Const. Co.,* 124 Ga. App. 769 (2)-(186 SE2d 123) (1971), which states the rule applicable in the absence of a specific contractual provision. The contention that the trial court erred in refusing to direct a verdict in Travelers' favor on this issue is without merit.

3. Appellants assert that, by reason of Toccoa's ongoing supervision and inspection, Toccoa should be estopped from contending that the construction work and materials fail to meet contractual specifications. This argument is confuted by specific contractual provisions to the contrary: "Neither inspection, testing, approval nor acceptance of the work in whole or in part, by the local public agency or its agents shall relieve the contractor or his sureties of full responsibility for materials furnished or work performed not in strict accordance with the contract." This enumeration is without merit.

4. The trial court did not abuse its discretion in denying appellants' motion for leave to implead third-party defendants. "Where the motion is not promptly made and the movant offers no reasonable excuse for the delay, the motion may properly be denied." *Jenkins v. Chambers,* 127 Ga. App. 200, 203 (193 SE2d 222) (1972). The transcript of the hearing on this motion shows ample evidence authorizing the trial court to

conclude the motion was both unreasonable and untimely.

5. An amendment to the complaint, increasing the damages sought, properly related back to the date of the original pleading. CPA § 15 (c) (Code Ann. § 81A-115 (c)). The verdict in excess of the original claim is not assailable on this ground.

6. The trial court did not err in excluding evidence which tended to contradict the clear language of the written contract.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED SEPTEMBER 7, 1978.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr., Davis, Davidson & Hopkins, Jack S. Davidson,* for appellants.

*McClure, Ramsay, Struble & Dickerson, Robert B. Struble, Hudson & Montgomery, Jim Hudson, Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellee.

