A96A0374. AC CORPORATION et al. v. MYREE.
(471 SE2d 922)

POPE, Presiding Judge.

On May 24, 1993, Willie Myree suffered an on-the-job injury while working for AtlantaStaff, Inc. AtlantaStaff paid him workers' compensation benefits and, more than a year but less than two years after the accident, brought suit against two parties it contended had

negligently caused Myree's injury: AC Corporation and Frito-Lay. See OCGA § 34-9-11.1 (c). In that lawsuit, AtlantaStaff sought recovery for "Myree's injuries, Myree's past and future medical expenses, lost wages and pain and suffering." Myree moved to intervene in that suit on May 1, 1995, pursuant to OCGA § 9-11-24 (a). He attached to his motion a proposed complaint seeking to recover from AC and Frito-Lay the same damages sought by his employer, as well as an affidavit asserting his interest in the case and the inability of AtlantaStaff to adequately protect his interest. He served these documents on Frito-Lay and AC Corporation by serving their attorneys in compliance with OCGA §§ 9-11-24 (c) and 9-11-5 (b). The trial court granted that order more than two years after his injury. We granted this interlocutory appeal by AC and Frito-Lay to determine whether the trial court erred in allowing Myree to intervene.

Because AtlantaStaff paid workers' compensation benefits on behalf of Myree, it had the right to bring this action on his behalf pursuant to OCGA § 34-9-11.1 (c). That same statute gave Myree an unconditional right to intervene in AtlantaStaff's action, even though Myree would be required to institute an independent action against the tortfeasor within two years from the date of injury. See *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 28 (464 SE2d 7) (1995) (discussing similar right of employer to intervene in employee's suit). Here, Myree filed a motion to intervene before the statute of limitation expired but did not receive leave of court to join the suit before that two-year period ended. After exploring the relationship between the Civil Practice Act's provisions on intervention, joinder of parties (OCGA § 9-11-21), and relation back of amendments (OCGA § 9-11-15 (c)), we conclude the trial court did not abuse its discretion by allowing this intervention.

1. AC and Frito-Lay properly state that if a party to the suit moved to add Myree as a party plaintiff to this lawsuit pursuant to OCGA § 9-11-21, the filing of a mere motion within the statute of limitation would be ineffective to do so. As we held in *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326, 327 (436 SE2d 63) (1993), filing a motion to add a party does not toll the statute of limitation. A party seeking to add a party must first obtain a court order allowing that joinder, then file the amended complaint within the statute of limitation and serve the defendants with process in a timely manner or, failing that, show the amended complaint "related back" to the original complaint. OCGA § 9-11-15 (c); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 733 (307 SE2d 530) (1983). In this case, however, Myree seeks only to *intervene* in the action. For the reasons which follow, we hold that a motion to intervene does not necessarily require adherence to the Civil Practice Act's rules for adding parties and claims.

"[T]here is a difference between the question whether one is a proper plaintiff or defendant in an initial action and the question whether one is entitled to intervene." *Chiles v. Thornburgh*, 865 F2d 1197, 1212, n. 16 (11th Cir. 1989) (quoting Shapiro, 81 Harv. L. Rev. at 726). We have defined intervention as "the procedure by which a third person, not originally a party to a suit, but claiming an interest in the subject matter, comes into the case, in order to protect his right or interpose his claim." (Citation and punctuation omitted.) *Hunt v. Henderson*, 178 Ga. App. 688, 690 (344 SE2d 470) (1986). A true intervenor "takes the case as [he] finds it" and cannot expand the litigation, *Gregory v. Allstate Ins. Co.*, 134 Ga. App. 461, 463 (214 SE2d 696) (1975); he or she merely stakes a claim to a share in the result of the pending litigation. See, e.g., *Brown*, 219 Ga. App. at 28, and *Hulsey v. Hulsey*, 212 Ga. App. 269, 270 (1) (441 SE2d 477) (1994), in which the intervenors asserted only their entitlement to a share of the damages sought in the pending action.

In such cases, the rules applicable to adding parties plaintiff and defendant, OCGA §§ 9-11-21 and 9-11-15 (c), do not apply. In this case, for example, had AtlantaStaff sought to add additional defendants it would be required to obtain leave of court to do so and *then* file the amended complaint and timely serve those defendants because the defendants' right to service is independent of a plaintiff's right to add a party. *Peoples v. State Farm &c. Ins. Co.*, 211 Ga. App. 55, 57 (438 SE2d 167) (1993). In such a hypothetical case, if the amendment were filed past the statute of limitation the court would be required to determine if the defendant "knew or should have known that, but for a *mistake concerning the identity of the proper party, the action would have been brought against him.*" (Emphasis supplied.) OCGA § 9-11-15 (c) (2).

Intervention under § 9-11-24, on the other hand, involves not a mistake in pleading but the injection of a third person uncontrolled by the parties. Furthermore, the intervention statute itself contains a formula for proper service in subsection (c). Thus, the trial court should allow intervention so long as the application to intervene is timely and the intervenors meet the requirements of OCGA § 9-11-24. As we have often stated, whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court. *Kubler v. Goerg*, 197 Ga. App. 667, 670 (2) (399 SE2d 229) (1990); *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859 (239 SE2d 31) (1977). While the trial court must weigh strongly in its decision whether intervention will prejudice a party, in certain cases intervention is proper even after judgment. *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 959 (3) (216 SE2d 897) (1975).

In this case, before the statute of limitation expired Myree filed a motion to intervene and served that motion as outlined in OCGA § 9-

11-24 (c) by mailing a copy of the motion to attorneys for Atlanta-Staff, AC and Frito-Lay. The court deemed the motion timely filed and did not abuse its discretion in allowing intervention. Even if the statute of limitation would bar his independent claim, Myree complied fully with the intervention statute before the bar took effect.[1]

2. It is crucial to note that Myree's motion sought no further relief than that which AtlantaStaff already sought against AC and Frito-Lay. Should an intervenor seek to litigate issues different from those already pending between the parties, to claim additional damages, or to raise additional defenses, however, the intervenor's ability to raise these matters would be controlled by OCGA §§ 9-11-21 and 9-11-15 (c). Such a case would involve not only "intervention" but also independent claims.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 23, 1996 —

*Dennis, Corry, Porter & Gray, James S. Strawinski, Matthew J. Jewell*, for appellants.

*Ford & Harrison, F. Carter Tate, John L. Monroe, Jr., Swift, Currie, McGhee & Hiers, Lloyd B. Hedrick, Jr., Irwin & Martin, R. Chris Irwin, Timothy V. Hanofee*, for appellee.

---

[1] Even if the law required Myree to file and serve a complaint on these defendants, that complaint would relate back to AtlantaStaff's original complaint under § 9-11-15 (c), as AC and Frito-Lay had actual knowledge of these claims and of Myree's right to intervene before the two-year statute expired. See *Dover Place*, 167 Ga. App. at 735.