A98A1532. PAYNE et al. v. DUNDEE MILLS, INC. et al.

(510 SE2d 67)

McMurray, Presiding Judge.

David Payne and Elizabeth Payne filed this appeal after the trial court denied their motion to intervene in a workers' compensation subrogation action which Mr. Payne's employer, Dundee Mills, Inc. ("Dundee Mills"), filed against the tortfeasors that allegedly caused Mr. Payne's work-related injuries. The trial court found that the Paynes' motion to intervene was "moot" because Dundee Mills settled and dismissed its complaint against the alleged tortfeasors.

On March 21, 1995, David Payne was injured when sulfuric acid escaped from a tank in the waste water treatment section at Dundee Mills' plant. Dundee Mills provided Mr. Payne with workers' compensation and, on March 21, 1997, filed an action under OCGA § 34-9-11.1 (c) against the contractors that allegedly caused Mr. Payne's injuries, Lockwood Greene Engineers, Inc. and P. F. Moon & Company, Inc. ("the contractors"). Although this action was filed on the last day before expiration of the statute of limitation on Mr. Payne's tort claim, Mr. Payne did not receive notice of Dundee Mills' subrogation action until after expiration of this statute of limitation. The Paynes filed a motion to intervene in Dundee Mills' action against the contractors on August 21, 1997, and Dundee Mills dismissed its subrogation complaint against the contractors on September 12, 1997. The trial court later denied the Paynes' motion to intervene in an order which provides "[i]t appearing that this action has been voluntarily dismissed by [Dundee Mills], Mr. and Mrs. Payne's Motion to Intervene is now moot [and] is, therefore, DENIED." *Held*:

1. The controlling issue in the case sub judice is whether the trial court abused its discretion in denying the Paynes' motion to intervene. See *AC Corp. v. Myree*, 221 Ga. App. 513, 515 (1) (471 SE2d 922).

OCGA § 9-11-24 (a) (1) provides that, upon timely application, a party may intervene as a matter of right "when a statute confers 'an unconditional right' to intervene." *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 28 (464 SE2d 7). OCGA § 34-9-11.1 (c) confers such an "unconditional right" to the Paynes in the case sub judice.

OCGA § 34-9-11.1 not only authorized Dundee Mills' subrogation action, but provides that employers such as Dundee Mills "shall immediately notify the employee of its assertion of such cause of

action, and the employee shall have a right to intervene." OCGA § 34-9-11.1 (c). This right to intervene, however, is dependent upon whether the employee's motion to intervene is timely and " 'whether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court. (Cits.)' *AC Corp. v. Myree*, [supra]." *Sommers v. State Compensation Ins. Fund*, 229 Ga. App. 352 (1), 353 (494 SE2d 82). But where intervention appears before final judgment, where the rights of the intervening parties have not been protected, and where the denial of intervention would dispose of the intervening parties' cause of action, intervention should be allowed and the failure to do so amounts to an abuse of discretion. See *Allgood v. Ga. Marble Co.*, 239 Ga. 858, 859 (239 SE2d 31); *Kubler v. Goerg*, 197 Ga. App. 667, 670 (2) (399 SE2d 229); and *Sta-Power Indus. v. Avant*, 134 Ga. App. 952, 958 (3) (216 SE2d 897).

Although it is not clear in the case sub judice whether Dundee Mills "immediately" notified Mr. Payne of its subrogation complaint as required by OCGA § 34-9-11.1 (c), it is undisputed that the Paynes moved to intervene before any judgment in Dundee Mills' subrogation action and before Dundee Mills dismissed its complaint against the contractors. It is also undisputed that the Paynes could not have moved to intervene before expiration of the statute of limitation on Mr. Payne's tort claim because Dundee Mills did not inform Mr. Payne about its subrogation action until after it filed the action on the last day before expiration of the applicable statute of limitation. Further, there is no indication that granting the Paynes' motion to intervene would prejudice Dundee Mills in any way and there is no proof that Dundee Mills took any steps to protect the Paynes' interests before dismissing its suit against the contractors. Under these circumstances, and since it appears that denial of the Paynes' motion to intervene would bar Mr. Payne's independent tort claim against the contractors, we find that the trial court abused its discretion in denying the Paynes' motion to intervene. "We therefore reverse and remand [the case sub judice] for proceedings consistent with this opinion." *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 29, supra.

2. Dundee Mills' motion to not participate in the appeal is denied.

*Judgment reversed and case remanded. Blackburn and Eldridge, JJ., concur.*

DECIDED DECEMBER 1, 1998 ▮

*Morgan & Silver, Arthur S. Archibald*, for appellants.

*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass*, for appellees.