A99A1975. NEWSOME v. DEPARTMENT OF ADMINISTRATIVE SERVICES.
(526 SE2d 871)

BLACKBURN, Presiding Judge.

In this case of first impression, Audrey Newsome appeals, on interlocutory grant, from the denial of her motion to dismiss the Department of Administrative Services' (DOAS) subrogation claim filed pursuant to OCGA § 34-9-11.1 (c), contending the statute of limitation barred the claim. Because we find that the trial court applied the wrong statute of limitation to the subrogation claim, we reverse.

A motion to dismiss for failure to state a claim upon which relief may be granted should be granted where:

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. . . . In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Footnotes omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

The pertinent facts are undisputed. On November 2, 1995, Annie Stephens, while in the scope of her employment with the Public Health Department of the State of Georgia, was in an automobile collision with Audrey Newsome. DOAS, the insurer for Stephens' employer, paid workers' compensation benefits in excess of $45,000 to or on behalf of Stephens.

Although Stephens never personally filed a complaint against Newsome, on November 12, 1997, DOAS asserted Stephens' cause of action against Newsome by filing a complaint in its own name pursuant to OCGA § 34-9-11.1 (c). This statute allows an insurer who has paid workers' compensation benefits to *assert the employee's cause of action* against a third party who caused the injuries. DOAS alleged that Newsome's negligence caused Stephens' injuries and that, as a result, Newsome was liable to DOAS in the amount of workers' com-

pensation benefits paid to or on behalf of Stephens.

Newsome moved to dismiss the suit, arguing that the subrogation claim was barred by the two-year statute of limitation applicable to Stephens' cause of action. DOAS argued that the claim had a 20-year statute of limitation under OCGA § 9-3-22 which governs "[a]ll actions for the enforcement of rights accruing to individuals under statutes." The trial court, agreeing with DOAS, denied Newsome's motion to dismiss.

In interpreting OCGA § 34-9-11.1 (c), we "must look for the intent of the legislature and construe [the statute] to effectuate that intent." *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991). We give words their ordinary significance. OCGA § 1-3-1 (b). OCGA § 34-9-11.1 (c) provides "[s]uch action . . . by the employee must be instituted in all cases within the applicable statute of limitations." It is undisputed that the statute of limitation applies to Stephens' cause of action. If the employee does not assert the claim within a year, the employer or the employer's insurer may assert "the employee's cause of action in tort." Id. The cause of action, although asserted by the insurer, is still the employee's cause of action. The cause of action is the same, and the same statute of limitation applies. This unambiguous language shows the General Assembly's intent to apply the statute of limitation applicable to the injured employee's claim to the subrogation claim as well.

Moreover, OCGA § 34-9-11.1 (c) further provides that "[f]or purposes of this subsection only, 'employee' shall include not only the injured employee but also those persons in whom the cause of action in tort rests or survives for injuries to such employee." It is clear that the legislature intended that the asserting employer be deemed an "employee" for statute of limitation purposes and subject to the two-year statute of limitation applicable to Stephens.

Moreover, this interpretation is consistent with general concepts of subrogation. In a subrogation action, one party is essentially substituted in place of another; it is often said that one party "stands in the shoes" of another. See *Parks v. State Farm Gen. Ins. Co.*, 238 Ga. App. 814 (3) (520 SE2d 494) (1999). The legislature has expressed this intent quite plainly in OCGA § 34-9-11.1, which provides that the insurer or employer is "assert[ing] the employee's cause of action." Here, DOAS "stand[s] in [Stephens'] shoes and assume[s] only those claims that [she] has, subject to any defenses that could be asserted against [her]." Id. at 817. As Stephens' claim was subject to a two-year statute of limitation, the subrogation claim asserted by DOAS was also subject to that limit. Furthermore, we note that the majority of states apply the same limitation period to the subrogation claim and the employee's claim. 7 Larson's Workers' Compensation Law, § 75.30 (1999).

DOAS erroneously relies on OCGA § 9-3-22 in support of its contention that the statute of limitation on the subrogation action is 20 years. The purpose of that Code section is to provide a statute of limitation for rights created by statute which do not otherwise have a limitation period. *McDaniel v. Kelley*, 61 Ga. App. 105 (3) (5 SE2d 672) (1939). Although the employer's or insurer's right of subrogation arises solely by operation of statute, *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871 (1) (401 SE2d 5) (1991), because the employer or insurer is asserting the employee's tort action which has a limitation period, we find that OCGA § 9-3-22 does not apply.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 8, 1999.

*Daniel Bullard IV, Jon-Selby Hawk*, for appellant.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Mark D. Oldenburg*, for appellee.