A02A0410. P. F. MOON & COMPANY, INC. v. PAYNE et al.

(568 SE2d 113)

Pope, Presiding Judge.

David Payne suffered a work-related injury on March 21, 1995, while employed by Dundee Mills, Inc., which paid him workers' compensation benefits. On March 21, 1997, Dundee Mills filed a claim under OCGA § 34-9-11.1 against P. F. Moon & Company, Inc. and Lockwood Greene Engineers, Inc. to recover the disability benefits that it paid to Payne. David and Elizabeth Payne moved to intervene on August 21, 1997, and filed a proposed complaint of intervenor plaintiffs along with their motion. Dundee Mills subsequently dismissed its claims against P. F. Moon and Lockwood Greene on September 12, 1997. The trial court then denied the Paynes' motion to intervene, but we reversed this order in *Payne v. Dundee Mills*, 235 Ga. App. 514 (510 SE2d 67) (1998) (*"Payne I"*), and remanded the case.

The Paynes filed a new complaint on October 5, 1999. This complaint tracked the claims raised in the Paynes' proposed complaint from 1997. Both complaints included a claim for David Payne's pain and suffering, which had not been asserted by Dundee Mills in the original complaint, as well as a claim by Elizabeth Payne for loss of consortium.

P. F. Moon filed a motion to dismiss or in the alternative motion for partial summary judgment, which the trial court denied. After the trial court certified the matter for immediate review, P. F. Moon filed an application for interlocutory appeal, which this Court granted. For reasons set forth below, we affirm.

P. F. Moon argues that (1) pain and suffering are an element of damages not included in Dundee Mill's original complaint, and that David Payne is impermissibly attempting to inject a new issue into the existing litigation, and (2) Elizabeth Payne's claim for loss of consortium was filed outside the four-year statute of limitation. P. F. Moon relies on the general rule that "an intervenor takes the case as he finds it and cannot inject new issues." *Undercofler v. Seaboard Air Line R. Co.*, 222 Ga. 822, 829 (7) (152 SE2d 878) (1966), and the following dicta from *AC Corp. v. Myree*, 221 Ga. App. 513, 516 (2) (471 SE2d 922) (1996):

Should an intervenor seek to litigate issues different from those already pending between the parties, to claim additional damages, or to raise additional defenses, . . . the intervenor's ability to raise these matters would be controlled by OCGA §§ 9-11-21 and 9-11-15 (c). Such a case would involve not only "intervention" but also independent claims.

When this Court reversed the trial court in *Payne I* and ordered that the Paynes be allowed to intervene, the opinion relied upon the terms of OCGA § 34-9-11.1, which conferred an unconditional right of intervention. The opinion also relied upon the fact that Dundee Mills filed its complaint on the last day before the statute of limitation on David Payne's personal injury claims expired and then later dismissed its complaint, which adversely affected Payne's ability to have asserted timely independent claims:

> It is also undisputed that the Paynes could not have moved to intervene before expiration of the statute of limitation on Mr. Payne's tort claim because Dundee Mills did not inform Mr. Payne about its subrogation action until after it filed the action on the last day before expiration of the applicable statute of limitation. Further, there is no indication that granting the Paynes' motion to intervene would prejudice Dundee Mills in any way and there is no proof that Dundee Mills took any steps to protect the Paynes' interests before dismissing its suit against the contractors. Under these circumstances, and since it appears that denial of the Paynes' motion to intervene would bar Mr. Payne's independent tort claim against the contractors, we find that the trial court abused its discretion in denying the Paynes' motion to intervene.

*Payne I*, 235 Ga. App. at 515 (1). In reaching our result here, we also rely upon the unique operation of OCGA § 34-9-11.1 and practical application of the procedural rules under the peculiar facts of this case.

1. OCGA § 34-9-11.1 (a) provides that even though an employee may recover workers' compensation benefits, he may still have a right of action against persons, other than the employer, arising out of the circumstances under which the employee was injured. OCGA § 34-9-11.1 (b) gives employers a subrogation lien against an employee's recovery from such third parties, and OCGA § 34-9-11.1 (c) provides that if an employee has not asserted such claims against the third party within a year, the employer may file suit to assert the employee's claims:

> If such action is not brought by the employee within one year after the date of injury, then the employer or such employer's insurer may but is not required to assert the *employee's cause of action* in tort, either in its own name or in the name of the employee. The employer or its insurer shall immediately notify the employee of its assertion of

such cause of action, and the employee shall have a right to intervene. . . . [I]f the employer or insurer recovers more than the extent of its lien, then the amount in excess thereof shall be paid over to the employee.

(Emphasis supplied.)

Even though the employer is allowed to sue the third party in its own name, the statute makes clear that it is the *employee's* cause of action that is being asserted. And the statute contemplates that the employer may receive a judgment for more than his subrogation lien, although any excess must be paid to the employee. It follows then that the employer could assert a claim for the employee's pain and suffering.[1] See *AC Corp.*, 221 Ga. App. at 514 (where the employer's claim included a request to recover the employee's pain and suffering).

Accordingly, if Dundee Mills had remained in the litigation, it could have amended its complaint to add a timely claim for David Payne's pain and suffering. An amendment to a complaint relates back to the original filing date if it asks for additional damages which arise out of the same transaction or occurrence that is the subject of the initial complaint. See *Pardue Constr. Co. v. City of Toccoa*, 147 Ga. App. 132, 134 (5) (248 SE2d 199) (1978); OCGA § 9-11-15 (c). But unfortunately for the Paynes, by the time their right to intervene was confirmed, Dundee Mills had dismissed its own claim with prejudice and was not in a position to file an amendment asserting additional claims.

The issue remains, therefore, as to whether the Paynes, as intervenors, can stand in Dundee Mills' shoes for purposes of amending the relief sought. Intervention is intended to allow the intervenor to protect its share of the recovery from another's litigation. See *Hulsey v. Hulsey*, 212 Ga. App. 269, 270 (1) (441 SE2d 477) (1994). But due to the unique situation presented under OCGA § 34-9-11.1, an employee such as David Payne may be intervening not only to secure his interest in any recovery, but also to protect the proper prosecution of his own cause of action. And here, David Payne seeks only to add an additional damage claim arising out of the same occurrence upon which Dundee Mills' complaint was based.

Under these circumstances, we find that the claim for pain and suffering is a claim "arising out of the conduct, transaction, or occurrence" set forth in the original complaint pursuant to OCGA § 9-11-15 (c), see, e.g., *Day v. Norman*, 207 Ga. App. 37 (427 SE2d 31)

---

[1] "Physical pain and suffering in consequence of a tort occasioning an injury to the plaintiff [are] a proper element of damages." (Citation omitted.) *Ga. Power Co. v. Braswell*, 48 Ga. App. 654, 660 (4) (173 SE 763) (1934).

(1993), and may be treated as an amendment by a party plaintiff relating back to the date of the original complaint for statute of limitation purposes.

We believe that this holding furthers the intent of OCGA § 34-9-11.1. An employer is often in a better position to identify those third parties who may bear some responsibility for the employee's injuries. For example, an employer has direct knowledge of the vendors and manufacturers from whom it buys its equipment and the contractors who install such equipment, while an employee may not. And where, as here, the employer waits until the last day of the limitation period to file its claim and thus to identify a potential defendant, the employee may be left without any opportunity to assert his own independent claims. The statute allows the employee to intervene to protect his interests, and our holding here ensures that he is able to pursue all relief arising from his own cause of action. Further, as we noted in *Payne I*, P. F. Moon was on notice within the time allowed by the statute of limitation that it would be required to defend a suit based upon the injuries occurring to David Payne; therefore, no prejudice results from our holding in this case.

Moreover, we note that the motion to intervene in this case attached the 1997 complaint listing David Payne's claim for pain and suffering and Elizabeth Payne's claim for loss of consortium. The motion was, in effect, not only asking for permission to become party plaintiffs, but also to pursue the listed claims. In *Payne I*, we held that the trial court had improperly denied the motion to intervene. Accordingly, under the law of the case, the Paynes are entitled to pursue the claims identified in 1997. See OCGA § 9-11-60 (h); *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 504 (1) (a) (556 SE2d 554) (2001).

2. The trial court also correctly held that Elizabeth Payne's claim for loss of consortium was not time-barred. The statute of limitation on her claim is four years. OCGA § 9-3-33; see *Epps v. Hin*, 255 Ga. App. 370, 371 (565 SE2d 577) (2002) ("The running of the limitation period on a personal injury claim does not bar a derivative claim for loss of consortium."). Therefore, if it had been properly allowed, the 1997 complaint would have been filed well before the expiration of the applicable four-year period. It follows that Elizabeth Payne asserted her claim in a timely manner.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 27, 2002.

*Carlock, Copeland, Semler & Stair, David F. Root, David P. Gessert*, for appellant.

*Hart & McIntyre, John C. McIntyre, Jr., Silver & Archibald, Arthur S. Archibald*, for appellees.