### A04A1370. JANET PARKER, INC. v. FLOYD et al.
(603 SE2d 485)

PHIPPS, Judge.

This case raises the question of whether an employee who received workers' compensation benefits may sue the tortfeasor who caused his injuries after his employer has brought a subrogation action against the tortfeasor to recover for the workers' compensation benefits paid to the employee. Under the circumstances of this case, we answer that question in the affirmative.

A car driven by William Floyd was rear-ended by a truck driven by Ronald Waits and owned by Waits's employer, Janet Parker, Inc. (JPI). Floyd's employer, Healthfield, Inc., and its workers' compensation insurer, TIG Insurance Company (TIG), paid Floyd workers' compensation benefits for injuries he received in the collision. Under OCGA § 34-9-11.1 (c), Healthfield and TIG later brought a subrogation action against Waits and JPI to recover for the benefits paid to Floyd.

Shortly thereafter, Floyd and his wife brought this suit against Waits and JPI to recover damages for the personal injuries he had sustained in the collision and for his wife's loss of consortium. JPI filed a motion to dismiss on the ground that Healthfield and TIG had divested Floyd and his wife of their right to bring this suit by bringing the earlier suit. After the trial court denied the motion to dismiss, JPI moved for summary judgment on the same ground. We granted JPI's application for interlocutory appeal of the order denying its motion for summary judgment. Upon consideration, we affirm.

"OCGA § 34-9-11.1 (a) provides that even though an employee may recover workers' compensation benefits, he may still have a right of action against persons, other than the employer, arising out of the circumstances under which the employee was injured."[1]

But OCGA § 34-9-11.1 (b) creates a subrogation lien on behalf of

---

[1] *P. F. Moon & Co. v. Payne*, 256 Ga. App. 191, 192 (1) (568 SE2d 113) (2002); see *Echols v. Chattooga Mercantile Co.*, 74 Ga. App. 18, 24 (3) (b) (38 SE2d 675) (1946).

employers and insurers for amounts paid in workers' compensation.[2] Subsection (b) gives the employer or insurer a right to intervene in any action to protect and enforce its lien, although no recovery may be had by the employer or insurer unless the injured employee has been fully and completely compensated.

OCGA § 34-9-11.1 (c) authorizes the employee to bring suit against a third-party tortfeasor at any time within the applicable statute of limitation. If, however, the employee fails to bring such a suit within one year after the date of the injury, subsection (c) then provides that "the employer or such employer's insurer may but is not required to assert the employee's cause of action in tort, either in its own name or in the name of the employee."[3] Subsection (c) requires the employer or its insurer to immediately notify the employee of its assertion of such cause of action, and the employee is given a right to intervene. Subsection (c) further directs that, "[i]f the employer or insurer recovers more than the extent of its lien, then the amount in excess thereof shall be paid over to the employee."

The collision between the car driven by Floyd and the truck driven by Waits occurred on January 11, 2000. On November 20, 2001, Healthfield and TIG filed their subrogation action in their own names in the Superior Court of Coweta County. They sought to recover only the liquidated amount that had been paid to Floyd in workers' compensation benefits, even though they had a right to recover all of Floyd's damages.[4] Although Healthfield and TIG mailed notice of the subrogation action to Floyd's attorney on November 21, counsel did not receive the notice until sometime after November 26, by which time he had filed this suit on behalf of the Floyds in the State Court of Coweta County.

Shortly after the two-year statute of limitation on the Floyds' personal injury and loss of consortium claims expired in January 2002,[5] JPI filed its motion to dismiss the Floyds' state court action. The state court held JPI's motion to dismiss in abeyance and directed the Floyds to file a motion to intervene in Healthfield and TIG's subrogation action. Healthfield and TIG, however, objected to the Floyds' intervention in the superior court action. And the superior court denied the Floyds' motion to intervene as untimely, although *Payne v. Dundee Mills*[6] is authority in support of the argument that intervention should have been allowed.

---

[2] *Dept. of Admin. Svcs. v. Brown*, 219 Ga. App. 27, 28 (464 SE2d 7) (1995).

[3] See *Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866, 869 (1) (570 SE2d 60) (2002).

[4] *Ga. Elec. Membership Corp. v. Hi-Ranger, Inc.*, 275 Ga. 197, 198 (1) (563 SE2d 841) (2002).

[5] OCGA § 9-3-33.

[6] 235 Ga. App. 514, 515 (1) (510 SE2d 67) (1998).

JPI argues that even if the superior court wrongfully denied the Floyds' motion to intervene, OCGA § 9-2-5 (a) prohibits them from bringing this suit because Healthfield and TIG had already asserted the Floyds' cause of action in their subrogation suit. We cannot agree that OCGA § 9-2-5 (a) has this effect. Healthfield and TIG did not file their suit in Floyd's name or seek to recover all of his damages. They sought recovery of only the amount paid to Floyd in workers' compensation benefits. OCGA § 9-2-5 (a) provides:

> No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

"An examination of [OCGA § 9-2-5 (a)] reveals that it requires that the suits must be between the same parties based on the same cause of action. Not only must the parties be the same, but also they must occupy the same status in both suits."[7] Because Floyd was not named as plaintiff in the subrogation action, OCGA § 9-2-5 (a) is inapplicable.[8]

JPI argues that it should not be required to simultaneously defend the superior court action by Healthfield and TIG and the state court action by the Floyds, because it will face potentially inconsistent results and will incur significantly greater legal fees and expenses. We do agree with this argument. OCGA § 9-11-19 (a), however, provides JPI with a device to remedy the situation in which it has been put.[9] OCGA § 9-11-19 (a) (2) (B) provides:

> A person who is subject to service of process shall be joined as a party in the action if . . . [h]e claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . [l]eave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made

---

[7] *Tinsley v. Beeler*, 134 Ga. App. 514, 516 (1) (215 SE2d 280) (1975).

[8] See *Haisten v. Tanner-Brice Co.*, 211 Ga. 821 (89 SE2d 172) (1955).

[9] See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, §§ 1606, 1623 (2001).

. . . in a proper case, an involuntary plaintiff.

OCGA § 9-11-19 (a) mandates joinder on the defendant's motion where, as here, multiple claims derive from the same personal injuries sustained by a single individual.[10]

We are not persuaded by JPI's argument that Healthfield and TIG's suit should have automatic priority because it was the first to be filed. If Healthfield and TIG had wanted their suit to have priority, they should not have opposed the Floyds' motion to intervene in it. If Floyd and his wife had simply elected to file their own suit in lieu of exercising their right to intervene in the previously filed subrogation action, the state court would have been authorized to find the subsequent action barred on the ground of laches.[11] But after the Floyds' motion to intervene in the subrogation action was denied, the state court determined that this action should be allowed to proceed. No Georgia law cited by JPI prohibited the court from so ruling.

The state court's denial of JPI's motion for summary judgment is affirmed, and the case is remanded to the state court without prejudice to the right of JPI to move for mandatory joinder of Healthfield and TIG in this suit under OCGA § 9-11-19 (a).

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED AUGUST 10, 2004.

*Misner, Scott & Martin, Neal C. Scott*, for appellant.
*Calvin D. Lowery*, for appellees.

---

[10] See *Stenger v. Grimes*, 260 Ga. 838 (1) (400 SE2d 318) (1991); *Miller v. Crumbley*, 249 Ga. App. 403, 404 (1) (548 SE2d 657) (2001).

[11] See generally *Cooper v. Aycock*, 199 Ga. 658, 666-667 (1) (34 SE2d 895) (1945).