**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 12, 2013**

# In the Court of Appeals of Georgia

A12A1765. KROGER et al. v. TAYLOR et al.

BRANCH, Judge.

The Kroger Company and its agent, Sedgwick CMS, appeal the denial of their motion to intervene in a worker's compensation suit, arguing that the trial court erred because their subrogation claim is not barred by the applicable statute of limitations and because they are not adequately represented by the existing parties to the litigation. We agree with these contentions and reverse.

"[W]hether a motion to intervene is timely is a decision entrusted to the sound discretion of the trial court." (Citations and punctuation omitted.) *Payne v. Dundee Mills, Inc.*, 235 Ga. App. 514, 515 (1) (510 SE2d 67) (1998). "But where intervention appears before final judgment, where the rights of the intervening parties have not been protected, and where the denial of intervention would dispose of the intervening

parties' cause of action, intervention should be allowed and the failure to do so amounts to an abuse of discretion." (Citations omitted.) Id.; see also OCGA § 9-11-24 (a) (a party "shall be permitted to intervene in an action" when (1) "a statute confers an unconditional right to intervene" or (2) the party is "so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest").

The relevant facts are not in dispute. On February 19, 2009, plaintiff-appellee Betty Taylor was struck by a pallet jack while employed at a Kroger store in Waycross. At the time of Taylor's accident, Kroger was a qualified self-insurer under the Workers' Compensation Act, OCGA § 34-9-1 et seq. As a result of injuries she sustained in the accident, Kroger and Sedgwick paid Taylor more than $26,000 in worker's compensation benefits. On February 15, 2011, just prior to the two-year anniversary of her accident, and within the applicable statute of limitation,[1] Taylor sued New Bern Transport Corporation, Pepsi Bottling Group, Inc., and other Pepsi entities, alleging that an employee of one of them negligently caused her injuries by

---

[1] See OCGA § 9-3-33 (actions for personal injury "shall be brought within two years after the right of action accrues").

2

running the pallet jack into her.[2] Less than three months later, Kroger and Sedgwick filed a motion to intervene in Taylor's action. The trial court denied the motion to intervene, finding that because it was filed after the expiration of the applicable statute of limitation, it was untimely under OCGA § 34-9-11.1 (c). As a result of its order denying intervention, the trial court entered judgment in favor of New Bern on this issue. This appeal followed.

OCGA § 34-9-11.1 (a) provides:

> When [an] injury or death for which [worker's] compensation is payable . . . is caused under circumstances creating a legal liability against some person other than the employer, the injured employee or those to whom such employee's right of action survives at law may pursue the remedy by proper action in a court of competent jurisdiction.

Under subsection (b) of the same statute, "the employer or such employer's insurer *shall have a subrogation lien, not to exceed the actual amount of compensation paid* pursuant to this chapter, against [a] recovery" by an employee. (Emphasis supplied.) And subsection (c) sets out an employer's right to intervene in an action timely filed:

> *Such action against such other person by the employee must be instituted in all cases within the applicable statute of limitations.* If such action is

---

[2] Taylor later entered into a consent order to drop all of the Pepsi entities as party defendants.

3

*not* brought by the employee *within one year* after the date of injury, then *the employer or such employer's insurer may but is not required to assert the employee's cause of action in tort*, either in its own name or in the name of the employee. The employer or its insurer shall immediately notify the employee of its assertion of such cause of action, and the employee shall have a right to intervene. *If after one year from the date of injury [an] employee asserts his or her cause of action in tort*, then the employee shall immediately notify the employer or its insurer of his or her assertion of such cause of action, and *the employer or its insurer shall have a right to intervene.*

(Emphasis supplied.) OCGA § 34-9-11.1 (c). Finally, a trial court is deprived of discretion to deny a motion to intervene under OCGA § 34-9-11.1 as long as "the employer or insurer has met the statutory prerequisites, e.g., fully or partially paid workers' compensation benefits because of an injury or death caused under circumstances which created the alleged legal liability for which the worker is suing." (Citation and punctuation omitted.) *Intl. Maintenance Corp. v. Inland Paper Bd. & Packaging*, 256 Ga. App. 752, 754 (1) (569 SE2d 865) (2002).

Taylor brought her tort action within the applicable statute of limitation, and Georgia law imposes no additional requirement that once the suit is timely filed, the subsequent motion to intervene must be filed or granted within the statute of limitation. Taylor also filed her action "after one year from the date" of her injury

4

such that Kroger had an affirmative "right to intervene." OCGA §§ 34-9-11.1 (c), 9-11-24 (a) (1). Finally, Kroger is also entitled to intervene pursuant to OCGA § 9-11-24 (a) (2) because it claims an interest in the property or transaction that is the subject of the suit, because its subrogation rights are not protected by the existing parties to Taylor's suit (as the existing parties have consistently opposed Kroger's pursuit of its subrogation claim), and because the trial court's denial of Kroger's motion to intervene disposed of the only legal remedy for that claim.[3] See *Payne*, supra at 515 (1) (noting that denial of employee's motion to intervene would bar his independent tort claim).

Defendants seek to forestall these conclusions by citing *Newsome v. Dept. of Administrative Svcs.*, 241 Ga. App. 357 (526 SE2d 871) (1999), where we held an employer's subrogation claim was time-barred by OCGA § 34-9-11.1 (c). In that case, however, the employee herself had never brought any action concerning her automobile collision, with the result that the employer's subrogation claim, brought outside of the applicable two-year statute of limitation, was itself time-barred. Id. at

---

[3] Our conclusion that Kroger satisfies both prongs of OCGA § 9-11-24 (a) (intervention of right) disposes of defendants' assertion, not ruled on below, that Kroger should have proceeded under that statute's subsection (a) (1) rather than (a) (2).

5

358; see also OCGA § 34-9-11.1 (c) (regardless of whether an employee or an employer brings an action, it must be brought within the applicable statute of limitation). Here, by contrast, Taylor made a timely claim, with the result that Kroger and Sedgwick's intervention on behalf of their subrogation claim was a matter of "right." OCGA § 34-9-11.1 (c); see also *Stephens v. McGarrity*, 290 Ga. App. 755, 757-759 (1) (b) (660 SE2d 770) (2008) (trial court abused its discretion when it denied a shareholder's timely motion to intervene in another shareholder's derivative action because the disposition of the action without his presence might "impair or impede his ability to protect that interest") (punctuation and footnote omitted).

Defendants' citation to *AC Corp. v. Myree*, 221 Ga. App. 513 (471 SE2d 922) (1996), is also unavailing. There, the injured employee filed a motion to intervene before the expiration of the statute of limitation in his employer's timely suit to recover worker's compensation benefits already paid. We concluded that whether or not a motion under OCGA § 9-11-21 to join the employee as a proper party was proper, the trial court did not abuse its discretion when it granted the employee's motion to intervene under OCGA § 9-11-24. Id. at 514-515. Here, likewise, we hold that the more specific provision of OCGA 34-9-11.1 (c), which grants an interested

6

party an "unconditional right to intervene," id. at 514, supplants any less specific provisions of the Civil Practice Act "for adding parties and claims." Id. at 514.

For all these reasons, the trial court abused its discretion when it denied Kroger and Sedgwick's motion to intervene in the timely action brought by Taylor. See *Payne*, supra at 515 (1) (reversing trial court's denial of employee's motion to intervene under OCGA § 34-9-11.1 when the denial barred employee's independent tort claim against defendant subcontractors).

*Judgment reversed. Miller, P. J., and Ray, J., concur.*