A03A0564. IN THE INTEREST OF J. B. C. et al., children.

(581 SE2d 665)

JOHNSON, Presiding Judge.

The Candler County Juvenile Court terminated the parental rights of the mother and fathers of minor children J. B. C. and A. H. P. The mother appeals, but does not challenge the termination of her parental rights. Rather, she asserts only that the juvenile court's finding that there are no suitable family members with whom to place J. B. C. and A. H. P. is premature because her sister has not yet been evaluated as a possible placement for the children. We agree with the mother's assertion that the court's finding is premature.

After a court terminates parental rights to a child, it must try to place the child with another family member and must conduct a thorough search for such a suitable relative.[1]

> If, upon the entering of an order terminating the parental rights of a parent, there is no parent having parental rights, the court shall first attempt to place the child with a person related to the child by blood or marriage or with a member of the child's extended family. A thorough search for a suitable family member shall be made by the court and the Department of Human Resources in attempting to effect this placement. A placement effected under this paragraph shall be conditioned upon the family member who is given permanent custody or who is granted an adoption of the child agreeing to abide by the terms and conditions of the order of the court. A placement shall be made under the terms of this

---

[8] See generally *Edwards v. State*, 255 Ga. App. 269, 271 (2) (a) (565 SE2d 127) (2002); *Taylor v. State*, 209 Ga. App. 38, 39 (433 SE2d 87) (1993).

[1] *In the Interest of N. B.*, 239 Ga. App. 336, 339 (2) (521 SE2d 47) (1999).

paragraph only if such a placement is in the best interest of the child.[2]

In the instant case, the mother's sister has requested that she be considered as a placement for the children. Nevertheless, the juvenile court has ordered that her home need not be investigated as a possible placement. In its order, the court refers to testimony that on two occasions prior to the termination hearing the children's aunt did not follow through on paperwork needed for such an evaluation, and that she did not visit the children during the previous year that they were in foster care.

While the aunt's conduct prior to the court's termination of parental rights is one factor for the court and the Department of Human Resources to consider in evaluating her suitability as a placement for the children, it does not eliminate the duty of the court and the Department to conduct such an evaluation following the court's termination of the mother's parental rights.[3] The juvenile court's order that the aunt's home need not be investigated as a possible placement is erroneous, and the finding that no suitable relative exists for placement is premature pending an evaluation of the aunt's suitability.[4]

We therefore reverse the juvenile court's finding that there is no suitable relative with whom to place the children, and we remand the case with direction that the court, in conjunction with the Department, evaluate the possibility of placing the children with their maternal aunt. In so doing, we express no opinion as to the aunt's suitability as a placement for the children. That determination must be made only after a thorough investigation.

*Judgment reversed and case remanded with direction. Eldridge and Mikell, JJ., concur.*

DECIDED APRIL 16, 2003.

*Paul K. Cook, Judd T. Drake,* for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Laura W. Hyman, Assistant Attorneys General,*

---

[2] OCGA § 15-11-103 (a) (1).
[3] See *In the Interest of N. B.,* supra (grandfather's failure to contact Department or express interest in children during the entire time they were in foster care did not negate duty to evaluate him as possible placement).
[4] See *In the Interest of S. H.,* 251 Ga. App. 555, 559 (2) (b) (553 SE2d 849) (2001); *In the Interest of N. B.,* supra.

*Newton, Smith, Durden, Kaufold & Rice, Sherri P. McDonald, Stephanie B. Hope*, for appellee.