604 S.E.2d 606 (2004)
269 Ga. App. 529
In the Interest of J.B.C. et al., children.
No. A04A1095.
Court of Appeals of Georgia.
September 10, 2004.
*607 Judd T. Drake, Metter, for appellant.
Thurbert E. Baker, Attorney General, William C. Joy, Shalen S. Nelson, Senior Assistant Attorneys General, Laura W. Hyman, Assistant Attorney General, Sherri P. McDonald, Newtton, Vidalia, for appellee.
ADAMS, Judge.
This case has previously appeared before this Court. In the Interest of J.B.C., 261 Ga.App. 7, 8, 581 S.E.2d 665 (2003). In the earlier appeal we agreed with the appellant/mother that the juvenile court should have considered her sister as a possible placement for J.B.C. and A.H.P. following the termination of the mother's and fathers' parental rights, and remanded the case so that the aunt could be evaluated for that purpose. Id. On remand, the juvenile court ordered the Department of Family and Children Services (DFACS) to evaluate the aunt, and then held a hearing after the evaluation was completed. The juvenile court found that the aunt was a suitable relative with whom to place the children, but that it was not in the children's best interests to be placed with her. The court then ordered that the children be placed in the custody of DFACS, so that they could be adopted by their foster parents. The mother appeals.
As the juvenile court noted, OCGA § 15-11-103 gives the court direction concerning placement following a termination order.[1] That section provides in relevant part as follows:
(a) (1) If, upon the entering of an order terminating the parental rights of a parent, there is no parent having parental rights, the court shall first attempt to place the child with a person related to the child by blood or marriage or with a member of the child's extended family if such a person is willing and, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child, if the court determines such placement is the most appropriate for and in the best interest of the child. A placement effected under this paragraph shall be conditioned upon the family member who is given permanent custody or who is granted an adoption of the child agreeing to abide by the terms and conditions of the order of the court .... (b) A placement may be made under the terms of this Code section only if the court finds that such placement is in the best interest of the child.
"A trial court's determination that placement with a relative is not in the best interest of the child will not be disturbed by this Court absent an abuse of discretion." In the Interest of S.H., 251 Ga.App. 555, 559(2), 553 S.E.2d 849 (2001).
In this case the court found and the record shows, among other things, that the aunt was twenty-five years old and lived in a two-bedroom apartment with her three children. She worked in a fast food restaurant approximately 50 hours a week to support her family, and she received no financial assistance from any of her children's fathers. Evidence was presented that the aunt had been considered as a possible placement on two to three other occasions, but that the evaluation had never been completed because of the aunt's *608 failure to follow through. The aunt admitted this failure to follow through, but testified that she thought that the small size of her apartment would disqualify her from consideration.
The evidence also showed that she had not visited J.B.C. and A.H.P. in over 18 months, and she had not made any request with DFACS or the juvenile court for visitation, and had not inquired about the children. Additionally, the aunt testified that she would allow the children's mother to visit with the children, although her parental rights had been terminated. Although the aunt also testified that she would follow the court's rules regarding contact with the mother, the juvenile court found that holding such a "sword" over the aunt's head would require DFACS to monitor the family for years to come, making it more difficult for the aunt and the children to establish a good relationship.
Additional testimony was presented that the children had no relationship or bond with the aunt, but that they had bonded with their foster parents, and that they were doing well in the foster home and at school. Both a caseworker and the foster father testified that the foster parents wanted to adopt the children.
Based on the testimony presented, the court found it would be harmful to the children and not in their best interests to remove them from their foster parents and place them with someone with whom they have no relationship.
The record supports the juvenile court's determination that it was in the children's best interests to remain in the custody of DFACS for the purpose of allowing them to be adopted by their foster parents. The aunt had failed to attempt to establish a bond with the children after they were placed in foster care, she was the sole financial support for her own three children, and her plan to care for J.B.C. and A.H.P. was to rely on friends to help her. On the other hand, the record shows that the children were living with stable foster parents who had bonded with them and wanted to adopt them, and that they were currently doing well both at home and at school. In light of this and other evidence presented below, we find no abuse of discretion in failing to place the children with a family member upon termination of the mother's parental rights. See, e.g., In the Interest of S.S., 267 Ga.App. 601, 600 S.E.2d 679 (2004); In the Interest of A.L.S.S., 264 Ga.App. 318, 324-326, 590 S.E.2d 763 (2003); In the Interest of D.T., 251 Ga.App. 839, 844-845(2), 555 S.E.2d 215 (2001); In the Interest of C.L.R., 232 Ga.App. 134, 139(3), 501 S.E.2d 296 (1998).
Judgment affirmed.
RUFFIN, P.J., and ELDRIDGE, J., concur.
NOTES
[1] The juvenile court also noted that the Code section had been modified between the time it first considered the issue of placement and its reconsideration of that issue upon remand. Ga. L. 2003, p. 503, § 1. The court correctly applied the law as it existed at the time it reconsidered the issue. See Outdoor Systems v. Cobb County, 274 Ga. 606, 608, 555 S.E.2d 689 (2001).