A05A1763. IN THE INTEREST OF J. M. T., a child.
(621 SE2d 535)

PHIPPS, Judge.

The parental rights of J. M. T.'s mother and putative father were terminated by the juvenile court.[1] The putative father's relatives contend that the court erred by denying their motion to intervene for purposes of seeking custody of J. M. T. We agree, and therefore reverse the denial of their motion, vacate that portion of the termination order placing custody of the child in the Bulloch County Department of Family and Children Services (DFCS), and remand the case for proceedings consistent with this opinion.

At a hearing on the motion to intervene, the putative father's sister-in-law testified, among other things, that she and her husband were J. M. T.'s aunt and uncle and that they wanted to be considered for placement for J. M. T. The court remarked,

> I have absolutely no doubt that [the relatives] are fit and proper persons and they are capable of taking care of whomever might be placed in their custody or care. They seem to be very sincere. However, I do believe that their rights are derivative of the father's. The father has exercised no rights and has none. So I feel that the law would require me to dismiss [the] motion to intervene.

In its order denying the motion to intervene, the court stated that "any right to intervene by [the putative father's relatives] is derived from [the putative father] having legitimated [J. M. T.] within the time permitted by law" and that "no evidence [had] been offered that [the putative father] had legitimated the child." On the same day, the court entered the order terminating the parental rights of J. M. T.'s mother and putative father. Finding no suitable family member with whom to place J. M. T., the court placed the child in the permanent custody of DFCS for purposes of adoption.

---

[1] We affirmed the termination of the mother's parental rights in In the Interest of H. D. T., 273 Ga. App. 863 (616 SE2d 196) (2005). The putative father did not appeal termination of his rights.

The putative father's relatives contend that the court erred in denying their motion on the ground that the father had not legitimated the child. They cite OCGA § 15-11-103 (a) (1), which provides in pertinent part,

> If, upon the entering of an order terminating the parental rights of a parent, there is no parent having parental rights, the court *shall* first attempt to place the child with a person related to the child by blood or marriage or with a member of the child's extended family if such a person is willing and, after study by the probation officer or other person or agency designated by the court, is found by the court to be qualified to receive and care for the child, if the court determines such placement is the most appropriate for and in the best interest of the child.[2]

Where no placement of the child is effected under OCGA § 15-11-103 (a) (1), paragraph (2) of that subsection permits the court to

> commit the child to the custody of [DFCS] or to a licensed child-placing agency willing to accept custody for the purpose of placing the child for adoption, if the court determines such placement is the most appropriate for and in the best interest of the child.

DFCS argues first that the putative father's relatives lack standing to contest the denial of their motion to intervene. We reject that argument. A denial of intervention is appealable.[3]

DFCS also argues that evidence presented at the termination hearing authorized the court to determine that placement of J. M. T. with DFCS was appropriate and in the child's best interest. DFCS cites *In the Interest of J. W. M.*,[4] but that case is inapposite. There, the court specifically considered placing custody of the child with a certain relative, but concluded that, based on evidence presented at the termination hearing, placement with that relative was not in the child's best interest.[5] Here, the court did not consider placing the child with the putative father's relatives.

We hold that, under the clear dictates of OCGA § 15-11-103 (a) (1), it was incumbent upon the court to attempt to place J. M. T. first with a person related to her by blood or marriage or with a member

---

[2] (Emphasis supplied.)

[3] *Kipp v. Rawson*, 193 Ga. App. 532, 535 (4) (a) (388 SE2d 409) (1989).

[4] 273 Ga. App. 20 (614 SE2d 163) (2005).

[5] Id. at 25 (3).

of her extended family. Thus, it was error for the court to deny the motion to intervene on the ground that the putative father had not legitimated the child.[6] If it is established that appellants are J. M. T.'s family members, as contemplated by OCGA § 15-11-103 (a) (1), they must be investigated and considered as a possible placement for her.[7] Therefore, we reverse the denial of the motion to intervene, vacate that part of the termination order pertaining to J. M. T.'s permanent placement, and remand the case for consideration of J. M. T.'s permanent placement in accordance with OCGA § 15-11-103 (a) (1).[8] That Code provision authorizes only placements that are most appropriate for and in the best interest of the child. We do not express any opinion whether J. M. T. should be placed with any family member.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 16, 2005.

*Earle J. Duncan III*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Anne R. Moore*, for appellee.

---

[6] See *In the Interest of J. B. C.*, 261 Ga. App. 7 (581 SE2d 665) (2003); *In the Interest of S. H.*, 251 Ga. App. 555, 559 (2) (b) (553 SE2d 849) (2001).

[7] See *In the Interest of S. H.*, supra.

[8] See id.; *In the Interest of J. J. W.*, 247 Ga. App. 804, 807-808 (2) (545 SE2d 21) (2001).