### A10A1211. BAKER v. LANKFORD.
(702 SE2d 666)

PHIPPS, Presiding Judge.

This case arose after Robert Lankford, the putative biological father of K. B., filed a petition for legitimation against Kristen Baker, the child's mother. Kristen Baker's husband, Mark Baker, moved to intervene in and to dismiss the proceeding. The trial court granted Lankford's legitimation petition, then denied Mark Baker's motion to intervene and ruled that the motion to dismiss was moot. Mark Baker filed this interlocutory appeal. For the reasons that follow, we reverse the judgment denying the motion to intervene, vacate the judgments on the motion to dismiss and petition for legitimation, and remand the case for further proceedings.

In December 2006, while married to Mark Baker, Kristen Baker gave birth to K. B. Mark Baker believed K. B. was his biological child, and he was listed as her father on the birth certificate. The Bakers lived together as a family, and Mark Baker provided financial support for and developed a relationship with K. B. In June 2008, when K. B. was about 18 months old, Kristen Baker told Mark Baker that the child was Lankford's biological child. In February 2009, Kristen Baker moved out of the home. Mark Baker paid support for the child, and eventually filed for divorce.

On November 4, 2009, while the divorce was pending, Lankford filed a petition for legitimation, custody and visitation, submitting with the petition the results of a DNA test showing a 99.997 percent likelihood that he was K. B.'s biological father. Kristen Baker consented to the legitimation.

On November 13, 2009, Mark Baker moved to intervene in and to dismiss the legitimation proceeding, arguing that Lankford had abandoned his opportunity interest to develop a relationship with K. B. and that, even if he had not, the court was required to determine whether legitimation would be appropriate considering Lankford's fitness as a parent or the best interest of the child.[1]

On November 16, 2009, while Mark Baker's motion to intervene was pending, the court granted the legitimation petition. On December 1, 2009, the court denied Mark Baker's motion to intervene and ruled that his motion to dismiss was moot.

1. Mark Baker contends the trial court erred in denying his motion to intervene. We agree.

OCGA § 9-11-24 (a) (2) provides, in relevant part, that upon timely application anyone *shall* be permitted to intervene in an action

> [w]hen [he] claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless [his] interest is adequately represented by existing parties.

[1] See *Davis v. Labrec*, 274 Ga. 5, 6-8 (549 SE2d 76) (2001) (affirming appeals court holding reversing and remanding case to trial court to consider best interest of child and legal father's rights, inter alia, in conjunction with biological father's legitimation petition); *Smith v. Soligon*, 254 Ga. App. 172, 173 (2) (561 SE2d 850) (2002) (in considering putative biological father's legitimation petition, court must initially determine whether petitioner·has abandoned his opportunity interest to develop a relationship with the child; then, the court evaluates petition considering either the petitioner's fitness as a parent or the best interest of the child).

"Thus, the requirements for intervention under the rule are three-fold: interest, impairment resulting from an unfavorable disposition, and inadequate representation."[2] We review a trial court's decision under OCGA § 9-11-24 (a) for an abuse of discretion.[3]

Mark Baker met the first requirement, as he clearly had an interest in the legitimation proceeding. OCGA § 19-7-20 provides, in pertinent part:

> (a) All children born in wedlock or within the usual period of gestation thereafter are legitimate.
> (b) The legitimacy of a child born as described in subsection (a) of this Code section may be disputed. Where possibility of access exists, the strong presumption is in favor of legitimacy and the proof must be clear to establish the contrary.
>
> . . .

A child's legal father is defined as the man who was married to the child's biological mother at the time the child was conceived or born, unless such paternity was disproved by a final order.[4] A man who was married to the biological mother at the time of birth is not required to obtain an official court order legitimizing the child as his own.[5] Where a child is legitimate, the legal father has a claim to parental and custodial rights to the child.[6] As the Supreme Court of Georgia has stated, "[t]here can be no doubt that a man married to a woman at the time of the conception or birth of a child is a party at interest when another man claims fatherhood of the child in a legitimation proceeding."[7] When Mark Baker filed his motion to intervene, he was the child's legal father and had parental and custodial rights to the child.

Lankford argues, however, that Mark Baker had no interest in the action because (a) the presumption of legitimacy was rebutted by evidence that Mark Baker is not the child's biological father, and (b) a nonbiological father has no recognizable legal rights to the child. However, as discussed above, a legal father, even one who is not the biological father, has parental and custodial rights to the child.[8] And,

---

[2] *Kubler v. Goerg*, 197 Ga. App. 667, 668 (1) (399 SE2d 229) (1990) (citations and punctuation omitted).

[3] *Stephens v. McGarrity*, 290 Ga. App. 755, 757 (1) (660 SE2d 770) (2008).

[4] OCGA § 19-8-1 (6) (B); *Baker v. Baker*, 276 Ga. 778, 779 (1) (582 SE2d 102) (2003).

[5] *Baker*, supra at 781 (2).

[6] Id. at 779 (1).

[7] *In re White*, 254 Ga. 678, 679 (2) (333 SE2d 588) (1985).

[8] See, e.g., *Baker*, supra; *In re White*, supra.

the presumption of legitimacy is not easily rebutted.[9] In fact, in *Baker v. Baker*,[10] the Supreme Court of Georgia reversed the trial court's finding that a child's mother had rebutted the presumption of legitimacy raised by a child's birth during marriage, as the finding had been based solely on paternity test results and without consideration of the best interest of the child.[11] As stated in *Ghrist v. Fricks*,[12] "a man has no absolute right to the grant of his petition to legitimate a child simply because he is the biological father."[13]

Mark Baker also met the second and third criteria for intervening as of right. If the trial court were to declare K. B. to be the legitimate child of someone other than Mark Baker in an unappealed order, that man would become the child's legal father — in place of Mark Baker.[14] Because Kristen Baker consented to the legitimation action, she could not represent Mark Baker's interest, and there is no reason to believe that she would appeal on Mark Baker's behalf an order granting the petition. Thus, Mark Baker's interest as K. B.'s legal father would be impaired by a decision of the trial court that was unfavorable to him, and his interest was not adequately represented by the parties to the action.

When Mark Baker moved to intervene, he was K. B.'s legal father. The court, however, granted the legitimation petition while his timely, meritorious motion to intervene of right was pending. Where intervention appears before final judgment, where the rights of the intervening party have not been protected, and where the denial of intervention would dispose of the intervening party's cause of action, intervention should be allowed and the failure to do so amounts to an abuse of discretion.[15] Therefore, we reverse the denial of Mark Baker's motion to intervene.

2. We also vacate the trial court's judgments on the legitimation petition and the motion to dismiss, and remand the case for the court to consider the motion to dismiss and the legitimation petition.[16]

---

[9] *Williamson v. Williamson*, 302 Ga. App. 115, 118 (2) (690 SE2d 257) (2010).

[10] Supra.

[11] Id. at 783 (5).

[12] 219 Ga. App. 415 (465 SE2d 501) (1995).

[13] Id. at 420 (1).

[14] See *In the Interest of C. L.*, 284 Ga. App. 674, 675-676 (1) (644 SE2d 530) (2007).

[15] See generally *Payne v. Dundee Mills*, 235 Ga. App. 514, 515 (1) (510 SE2d 67) (1998) (judgment reversed and case remanded where trial court found employee's motion to intervene in workers' compensation action as a matter of right was moot because employer settled and dismissed action against contractors after employee moved to intervene).

[16] See generally *In the Interest of J. M. T.*, 275 Ga. App. 526, 528 (621 SE2d 535) (2005) (in reversing denial of putative father's relatives' motion to intervene in termination of parental rights action, appeals court vacated termination order regarding custody and remanded case).

*Judgment reversed in part and vacated in part, and case remanded. Miller, C. J., and Johnson, J., concur.*

DECIDED OCTOBER 5, 2010.

*Morriss & Shim, Bruce F. Morriss, Daniel Shim,* for appellant.
*Denise D. VanLanduyt, Alison K. Arce,* for appellee.