**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

October 21, 2022

# In the Court of Appeals of Georgia

A22A1122. WEST v. MILLER et al.

REESE, Judge.

Thomas West, Jr., appeals from an order of the Superior Court of Morgan County, denying his motion to intervene in a will-construction case. West contends that the trial court abused its discretion in denying his timely motion both because he had a statutory right to intervene and because he should have been allowed permissive intervention. For the reasons set forth infra, we reverse and remand for further proceedings.

At the time of his death in April 2019, William Hamby, Jr. (the "Decedent"), was not married and he had no descendants as both his wife, Lula Bryant ("Lula"), and his son, James Hamby ("James"), had predeceased him. In September 2020, Lula's children (the "Petitioners") filed a petition for construction of the Decedent's 1991 will, which had left the bulk of his estate to Lula and James. The petition named

as respondents the administrator of the Decedent's estate in the pending probate court proceedings, as well as three purported half-siblings of the Decedent, and Thomas Queen, who was listed as the Decedent's nephew (collectively, the "Respondents").

The Respondents filed answers and counterclaims for judicial determination of heirship. In his counterclaim, Queen contended that neither Lulu's children nor the Decedent's purported half-siblings were heirs of the Decedent.

More than ten months after the filing of the petition, and hours before Petitioners and Respondents filed a notice that they had reached a settlement regarding all claims, West filed a motion to intervene, stating summarily that, as the decedent's cousin, he "*may*" be the heir to the nearest degree and citing generally to OCGA § 53-2-1.[1]

Prior to the hearing on West's motion, West filed a brief, arguing both that he had an unconditional right to intervene as a purported heir under OCGA §§ 9-11-24 (a) (1) and 53-2-25 and that he should be granted intervention under OCGA § 9-11-24 (a) (2) because the denial of his motion would impair his ability to protect his interest as a purported heir.

---

[1] (Emphasis in original.)

2

Following the hearing, the superior court denied West's motion, finding that (1) the motion was facially deficient because it did not state grounds or even whether West sought to intervene as of right or sought permissive intervention; (2) West was not the heir of closest degree because he admitted that he was only the Decedent's cousin while Queen was recognized as a nephew;[2] and (3) the motion was untimely. This appeal followed.

Whether asserted as a right or by discretion, a motion to intervene must be timely.[3] We review for abuse of discretion a trial court's decision on timeliness,[4] as well as its decision on the motion itself.[5] However, we review de novo any questions of law inherent in that decision.[6] With these guiding principles in mind, we turn now to West's claims of error.

1. In related claims of error, West argues that the superior court erred in denying his motion to intervene as the decedent's possible closest heir. In response,

---

[2] See OCGA § 53-2-1 (c) (2), (5), (7).

[3] OCGA § 9-11-24 (a), (b).

[4] *Kroger v. Taylor*, 320 Ga. App. 298 (739 SE2d 767) (2013).

[5] *In the Interest of Baby Girl N.*, 362 Ga. App. 253, 254 (1) (867 SE2d 853) (2022) (motion for permissive intervention); *Baker v. Lankford*, 306 Ga. App. 327, 328 (1) (702 SE2d 666) (2010) (motion to intervene as of right).

[6] *In re Haney*, 355 Ga. App. 658 (845 SE2d 380) (2020).

the Petitioners and Respondents (collectively, the "Appellees") contend, inter alia, that the trial court properly denied West's motion because he failed to meet the requirements of OCGA § 9-11-24 (c).

In his motion, West cited generally to OCGA § 9-11-24 (which provides for both intervention as of right and permissive intervention) and stated that, as the decedent's cousin, he "may" have been the heir in the nearest degree. The superior court found that West's motion was facially deficient because it did not comply with the statute.

OCGA § 9-11-24 (c) requires, inter alia, that a motion to intervene "*shall* state the grounds therefor and *shall* be accompanied by a pleading setting forth the claim or defense for which intervention is sought."[7] The motion itself does not constitute the pleading that must accompany the motion to intervene.[8]

---

[7] OCGA § 9-11-24 (c) (emphasis supplied).

[8] *Ellis v. Johnson*, 291 Ga. 127, 133 (5) (728 SE2d 200) (2012) (holding that, in a case where any objection to the intervenor's standing had been waived, the motion to intervene was not a "pleading" triggering the deadline for a jury trial demand).

4

However, West's failure to comply with the statute was a mere technical, non-prejudicial defect.[9] Although the Appellees argue that the trial court was unable to determine whether West sought to intervene as to the judicial determination of heirship, the petition for will construction, or both, they addressed the same issue: who was the Decedent's closest heir, instead of his son and wife, who had predeceased him. West's motion stated that, as the Decedent's cousin, the closest heir "may" be him. At the hearing, West argued that he had the right to intervene as a "relative" and that the court would "have to take evidence . . . at some point if this case remains pending [as to] whether . . . Queen is a relative and what his status actually is."

OCGA § 9-11-24 (a) (2) provides for intervention as of right "[w]hen the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a

---

[9] See *Piambino v. Bailey*, 757 F2d 1112, 1121 (II) (A) (11th Cir. 1985) (noting that the majority of federal circuit courts, including the Eleventh Circuit, had chosen to disregard nonprejudicial technical defects regarding the analogous provisions in Federal Rule of Civil Procedure 24 (c), and holding that there was no prejudice where "[e]veryone knew the nature of [the intervenor's] substantive claims for relief"); see also Fed. R. Civ. P. 24 (c) ("A motion to intervene must be served on the parties as provided in [Fed. R. Civ. P.] 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[10] "Thus, the requirements for intervention under the rule are three-fold: interest, impairment resulting from an unfavorable disposition, and inadequate representation."[11]

The trial court abused its discretion in finding that, even assuming West's motion to intervene was "based upon his assertion that he is an heir of the Decedent and requested relief as to determination of heirs, West would still be left without a remedy." Specifically, the trial court erred in concluding, as a matter of law, that West's acknowledgment of a (later-withdrawn) petition for letters of administration filed in probate court which listed Queen as a nephew, constituted an admission that Queen was, in fact, the Decedent's nephew. Even assuming that the superior court

---

[10] OCGA § 9-11-24 (a) (1) also allows for intervention as of right "[w]hen a statute confers an unconditional right to intervene[.]" Although West cited to OCGA § 53-2-25 in his brief filed in support of his motion to intervene, he does not argue that this statute provides an unconditional right to intervene. See OCGA § 53-2-25 ("Any individual claiming to be an heir or any person in any way interested as a distributee and who is not named as such in any petition filed and pending under this article may file a motion to intervene in the proceeding.").

[11] *Baker*, 306 Ga. App. at 328 (1) (punctuation and footnote omitted).

properly took judicial notice of the filing in probate court,[12] this acknowledgment was not a judicial admission.[13]

According to the exhibit attached to the Appellees' brief in opposition to West's motion to intervene, West's son had filed the petition for letters of administration in probate court, listing West as the Decedent's sole heir at law as the Decedent's first cousin and listing Queen among the Decedent's deceased heirs as his "nephew." The exhibit includes a "Selection by Heirs (and Consent of Heirs to Waiver of Bond and/or Grant of Certain Powers)," in which West[14] acknowledged service of a copy of the petition for letters of administration and selected his son to act as administrator of the estate. Thus, the trial court abused its discretion in finding

---

[12] But see *Fitzpatrick v. Harrison*, 300 Ga. App. 672, 673 n. 1 (686 SE2d 322) (2009) ("[B]efore a trial court may take judicial notice of any fact, it must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken.") (citation and punctuation omitted).

[13] See generally *Cameron v. Moore*, 199 Ga. App. 800, 802 (2) (406 SE2d 133) (1991) ("A solemn admission in judicio is conclusive as a matter of law on the matter stated and cannot be contradicted by other evidence unless it is withdrawn or amended on formal motion. . . . In order for a judicial admission to be binding it must be one of fact and not a conclusion of law or an expression of opinion.") (citations and punctuation omitted).

[14] Because the trial court did not take judicial notice of this filing, we make no determination as to its legitimacy.

that, "[b]y his own admission, West is not an heir of closest degree," a legal conclusion and thus not a binding judicial admission,[15] and in finding that "Queen [had been] recognized as a nephew[,]" an heir of closer degree than a cousin.[16] West had neither admitted that Queen was the Decedent's nephew, nor had there been a judicial determination of such fact, as the Appellees had indicated that they had reached a settlement agreement.

Simply put, if West is the heir of closest degree, he has an interest in the underlying controversy. There is no dispute that his interest would be impaired by an unfavorable disposition or that his interest was not adequately protected. Thus, the trial court abused its discretion in concluding that he would be without a remedy without first determining the Appellees' status as the Decedent's heirs.

2. West contends that the superior court erred in denying as untimely his motion to intervene.

After finding that the motion to intervene was facially deficient and that West was not an heir of closest degree, the superior court found as follows:

West filed his Motion to Intervene 827 days after he acknowledged [a] Petition for Letters of Administration [filed by West's son ], after one

[15] See *Cameron*, 199 Ga. App. at 802 (2).

[16] See OCGA § 53-2-1 (c) (2), (5), (7).

8

Superior Court action in this matter had already been filed and voluntarily dismissed, and [after] the [Appellees] had transmitted a consent order to the [superior court] for consideration following almost a year of litigation. West had the opportunity to apply for intervention over the course of more than two years of litigation in this matter but waited until the [Appellees] had settled the case and received an offer for sale on the estate's most valuable asset. Therefore, West's application is not timely.

"[W]here . . . intervention is sought prior to judgment by a necessary party who should have been named and served in the original complaint, such intervention should have been allowed and the failure to do so amounts to an abuse of discretion."[17] Because West sought to intervene prior to judgment and he should have been named and served in the original petition, particularly in light of the parallel litigation in probate court, the trial court abused its discretion in denying his motion as untimely. Accordingly, we reverse and remand for further proceedings.[18]

*Judgment reversed and case remanded. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[17] *State v. Bruce*, 231 Ga. 783, 786 (204 SE2d 106) (1974).

[18] Because we are remanding the case for further proceedings below, we need not consider West's remaining arguments.