A93A1051. DOYLE DICKERSON TILE COMPANY v. KING et al.
A93A1052. PACE CONSTRUCTION CORPORATION v. KING et al.
(436 SE2d 63)

ANDREWS, Judge.

King fell and was injured on July 17, 1989, while walking on a sidewalk. She, along with her husband who claimed loss of consortium, filed a premises liability action on September 22, 1989 against Laing Properties, Inc., the manager of the property on which the sidewalk was located. During subsequent discovery, Laing Properties identified Doyle Dickerson Tile Company (Dickerson Tile) as a supplier of materials for the sidewalk, and Pace Construction Corporation (Pace Construction) as the contractor on the sidewalk. On June 28, 1991, shortly before the expiration of the statute of limitation, King filed a motion to add Dickerson Tile and Pace Construction as party defendants along with an amended complaint setting forth additional claims against both defendants for negligent installation and construction of the sidewalk. On August 21, 1991, after the statute of limitation had expired, the trial court granted King's motion to add both defendants and approved service of the amended complaint. A copy of the amended complaint was served on Pace Construction on September 27, 1991, and on Dickerson Tile on October 1, 1991. Both added defendants subsequently moved for summary judgment claiming the action against them was barred because the statute of limitation expired before they were added as parties. The trial court denied both motions, and we granted these interlocutory appeals.[1]

Under OCGA § 9-11-21, a party may be added by order of the court on the motion of any party at any stage of the action on such terms as are just. See *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (308 SE2d 211) (1983). However, where a new party defendant is added by court order after the expiration of the statute of limitation, the provisions of OCGA § 9-11-15 (c) apply to determine whether or not the addition of the party relates back to the

---

[1] Pace Construction also moved for and was denied summary judgment on the merits of the negligence claim.

commencement of the action and is considered timely. *Cobb v. Stephens*, 186 Ga. App. 648 (368 SE2d 341) (1988).

In denying summary judgment, the trial court determined that the requirements of OCGA § 9-11-15 (c) did not apply because although the order adding the new defendants was entered after the expiration of the statute of limitation, King filed the motion to add the defendants pursuant to OCGA § 9-11-21 shortly before the expiration of the statute of limitation. The trial court reasoned that since King could not control the time taken by the court to rule on the motions, it would be unfair not to toll the statute of limitation for the period of time the court had the motion under advisement.

There is no authority for the trial court's determination that the statute of limitation was tolled on this basis. It was the duty of counsel to obtain a timely ruling on the motion to add defendants. See *Watts v. State*, 155 Ga. App. 376, 377 (271 SE2d 29) (1980). The motion to add and a supporting brief were filed 19 days prior to the expiration of the statute of limitation along with a "Notice of Motion" also prepared by counsel which stated, "said motion will be set down for hearing before the court on a date and time to be set in accordance with regular court proceedings." The motion and notice were served only on the existing defendant, Laing Properties. There is no indication in the record that the motion was contested or that a hearing was held on the motion before the trial court. The trial court signed an order granting the motion on August 21, 1991, indicating that the motion had been considered based on King's brief and the record. There is nothing in the record which indicates the trial court refused any request by counsel to enter an earlier ruling on the motion. King was not prejudiced by any action or inaction by the trial court. The statute of limitation expired prior to the addition of Pace Construction and Dickerson Tile by court order, and OCGA § 9-11-15 (c) applies to determine whether the action was timely commenced against the additional defendants.

In *Cobb*, supra, we recognized "a requirement that there be a *strict* adherence to the *letter* of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action. In *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), this court held that OCGA § 9-11-15 (c) may authorize the addition of a new party defendant and a relation back as to that new defendant, *but only* if the three elements which are specifically enumerated in that provision have first been satisfied. Those three elements are: (1) That the amendment adding the new defendant arise out of the same facts as the original complaint; (2) That the new defendant had sufficient notice of the action; and, (3) That the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been

brought against him." (Emphasis in original.) Id. at 649-650; *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (380 SE2d 78) (1989). All three elements must be satisfied to invoke the relation-back provisions of OCGA § 9-11-15 (c). *A. H. Robins Co.*, supra.

Pace Construction and Dickerson Tile had the burden on summary judgment to demonstrate that at least one of the three requirements of OCGA § 9-11-15 (c) was not satisfied. Both additional defendants filed affidavits stating they were not aware of and had absolutely no notice of the action until they were served with the amended complaint. This shifted the burden to the Kings to show the applicability of the relation-back provisions of OCGA § 9-11-15 (c). See *Cobb*, supra at 651; *Bailey v. Kemper Group*, 182 Ga. App. 604, 606-607 (356 SE2d 695) (1987); compare *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. 675 (388 SE2d 754) (1989). There is nothing in the record which responds to or contradicts the defendants' affidavits. On the present record, both Pace Construction and Dickerson Tile have demonstrated, as a matter of law, that at least one of the three elements of OCGA § 9-11-15 (c) has not been satisfied, and that the relation-back provisions do not apply.

Since neither of the additional defendants was added to the action prior to the expiration of the statute of limitation, both were entitled to summary judgment, and the trial court erred by denying the summary judgment motions of Pace Construction and Dickerson Tile.[2] *Speer, Inc. v. Manis*, 164 Ga. App. 460 (297 SE2d 374) (1982).

*Judgments reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 21, 1993.

*Savell & Williams, Charles M. Dalziel, Jr., Steven R. Thornton*, for appellant (case no. A93A1051).

*Sullivan, Hall, Booth & Smith, Michael A. Pannier, Eleanor L. Martel*, for appellant (case no. A93A1052).

*Goldstein & Redic, Dennis M. Redic, Gilbert & Montlick, Fred A. Gilbert*, for appellees.

---

[2] We need not address the denial of Pace Construction's other motion for summary judgment on the merits of the claim.