A99A1511. LITTLE TREE, INC. et al. v. FIELDS et al.
(522 SE2d 509)

McMURRAY, Presiding Judge.

Plaintiffs Maryan Fields and Jimmy Clark brought this breach of contract action against defendant Richard Losey, d/b/a Little Tree Construction, seeking to recover $23,700 in expenses allegedly incurred as a result of defendant's defective and negligent construction of plaintiffs' residence. Defendant Richard Losey acknowledged service of process but defended in part on the ground that he was not a proper party, because he was at all times acting as an officer of Little Tree, Inc., a Georgia corporation. Pursuant to a consent order entered May 16, 1997, Little Tree, Inc. ("LTI") was substituted as the proper defendant. The trial court subsequently permitted LTI to file a third-party complaint against Norris A. Garrett, the alleged owner of the real property where the house was built and alleged joint venturer with LTI in its construction. Norris A. Garrett in turn filed a third-party complaint against Richard Losey individually. Richard Losey answered the third-party complaint, again defending on the basis that "[LTI] constructed the home, not Rick Losey individually. . . ." After discovery, plaintiffs moved on December 7, 1998, to amend the complaint by adding Richard Losey individually as a defendant in the main case, contending the corporate defendant LTI was a sham. This motion was made one day before trial.

At the scheduled bench trial, defendant Richard Losey argued it was not equitable to add him at the eleventh hour, since he had been dismissed eighteen months earlier by the consent order substituting LTI as the proper defendant. The superior court took the motion to add Richard Losey individually under advisement subject to a showing of fundamental unfairness but proceeded with the hearing on the basis that Richard Losey would be a defendant individually. The superior court ultimately determined that both LTI and Richard Losey individually were proper defendants, and that the corporate veil should be pierced in this case. The superior court granted judgment in favor of plaintiffs, awarding them $22,113 but declined to

award attorney fees for bad faith or stubborn litigiousness. This appeal followed. *Held*:

1. Defendants first contend the trial court erred in granting plaintiffs' motion to add Richard Losey individually as a party defendant, arguing plaintiffs failed to meet the three-prong test outlined in *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326 (436 SE2d 63).

(a) For purposes of this appeal, we assume without deciding that the four-year statute of limitation established by OCGA § 9-3-26 had expired by the time plaintiffs moved on December 7, 1998, to add Richard Losey individually. Compare *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426 (241 SE2d 184) (six-year limitation on warranty action arising from written construction contract).

(b) Parties may be dropped or added by order of the trial court or of its own initiative at any stage of the action and upon such terms as are just. OCGA § 9-11-21. This requires the exercise of discretion by the court. *Robinson v. Bomar*, 122 Ga. App. 564, 566-567 (2) (177 SE2d 815) (overruled as to Division 1 in *Robinson v. A. Constr. Co.*, 132 Ga. App. 591-592 (208 SE2d 605), and overruled as to Division 5 in *Leggett v. Benton Bros. Drayage &c. Co.*, 138 Ga. App. 761, 766 (2) (227 SE2d 397)). There is no requirement that the proposed defendant be given notice of any such motion to add, although notice shall be given to existing parties. *Humble Oil &c. Co. v. Fulcher*, 128 Ga. App. 606, 608 (1) (197 SE2d 416). But where the statute of limitation has run as against the proposed additional defendant, OCGA § 9-11-15 (c) authorizes the addition of a new party and relation back *only* if: (1) the amended claim against the new defendant arises out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action; and (3) the new defendant knew, or should have known, that but for a mistake concerning his identity as a proper party, the action would have been brought against him. *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. at 327, supra. In the case sub judice, defendant Richard Losey conceded the claim against him individually arises out of the same set of facts as the original complaint as against LTI. The second prong, notice of the action, is established by the fact that Richard Losey personally acknowledged service of the original complaint against himself individually, d/b/a Little Tree Construction, and by the fact that he answered the third-party complaint against him personally. As to the third prong, whether defendant knew or should have known, that but for a mistake concerning the proposed defendant's identity as a proper party, the action would have been brought against him, the applicable rule is Richard Losey could be personally liable for LTI's negligent construction because he knew he specifically directed or participated in the construction. *Jennings v. Smith*, 226 Ga. App. 765, 766-767 (1) (487 SE2d 362). Conse-

quently, Richard Losey individually is a proper party to this negligent construction claim. The original complaint in fact named Richard Losey individually due to uncertainty over LTI's status as an active corporation. Despite the eighteen-month interval between the substitution of LTI for Richard Losey, the superior court did not abuse its discretion in granting plaintiffs' eleventh-hour motion to amend and add Richard Losey as a party defendant. *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211).

2. Next, defendants contend the trial court's award of $22,113 is excessive and not supported by the evidence. Specifically, they object to the award of $15,900 to repair a foundation block wall and correct basement dampness and further object to $3,280 to repair cabinets, arguing plaintiffs' evidence regarding replacement amounts to an upgrade in the contract.

(a) In all nonjury trials in courts of record, the trial court's "[f]indings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a). A factual determination is not "clearly erroneous" if it is supported by "any evidence." *Pinkerton & Laws Co. v. Atlantis Realty Co.*, 128 Ga. App. 662, 664-665 (1) (197 SE2d 749).

"The question of damages being one for the jury, a reviewing court should not interfere unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias." OCGA § 13-6-4.

Plaintiffs introduced expert opinion testimony regarding the costs to cure defendants' negligent construction, through the deposition of John Stoddard, a witness expressly deemed credible by the superior court. His estimate of $15,900 to fix the foundation block wall included the labor and materials to excavate the perimeter of the left side of the house and sections of the front and back; frame the basement wall to support the house; remove all damaged areas of existing block wall and install new block with reinforcement wire; waterproof front, side and back wall on both the interior and exterior; and backfill and landscape after the wall has cured. Based on his 25 years of experience, taking into consideration the time involved, the materials, profit and overhead, Stoddard confirmed that his estimates were reasonable.

The superior court's award of $15,900 to repair the foundation block wall is supported by the expert opinion evidence and, consequently, is not clearly erroneous. *Allen v. Cobb Heating &c. Co.*, 158 Ga. App. 209, 211 (279 SE2d 505). It is not necessary that the party seeking specific damages submit exact figures, provided the estimate is not merely guesswork. *Nat. Refrigerator &c. Co. v. Parmalee*, 9 Ga. App. 725, 726 (1) (72 SE 191).

(b) Generally, the proper measure of damages for defective workmanship is the cost to repair the defect. *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913). Defendants object to the superior court's award of $3,280, arguing this amounts to a major upgrade in the contract.

The undisputed evidence was that the cabinet doors were hung improperly, in that they were separated from the wall and from each other, were not level and straight, and did not align when closed. Stoddard's estimate provided for $3,280 to acquire and install new cabinet doors, finished, and new hinges. Contrary to defendants' contentions, this does not amount to an entire new set of kitchen cabinets. This item of damages is supported by evidence, is consequently not clearly erroneous, and is therefore affirmed.

(c) Remaining contentions have been considered and are found to be without merit.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur in the judgment only.*

DECIDED SEPTEMBER 13, 1999.

*William T. Cox, Jr.*, for appellants.
*T. Michael Flinn*, for appellees.