**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 5, 2026**

# In the Court of Appeals of Georgia

A25A1518. CAMERON v. JMP PIZZA, INC.

FULLER, Senior Judge.

In this personal injury action arising out of an automobile collision, plaintiff Kenneth Cameron appeals from the grant of summary judgment to defendant JMP Pizza, Inc. d/b/a Domino's Pizza. Cameron contends that the trial court erred when it ruled that his claims against JMP Pizza are time-barred because they do not "relate back" to the date on which he filed his initial complaint against the driver of the other vehicle involved in the collision, a JMP Pizza employee. For the reasons that follow,

we agree, reverse the summary judgment ruling, and remand this case to the trial court for further proceedings.[1]

"We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." *Henry v. Griffin Chrysler Dodge Jeep Ram*, 362 Ga. App. 459, 460 (868 SE2d 827) (2022). So viewed, the record shows that, on July 3, 2016, a car being driven by defendant Sandra Cunningham collided with a motorcycle being driven by Cameron. At the time, Cunningham was working as a delivery driver for JMP Pizza, which operated a Domino's pizza store and was owned by Joseph Podsen.

A police officer issued Cunningham a citation for failing to yield the right-of-way for her role in the collision. She did not contest the charge and paid the resulting fine on August 22, 2016. Consequently, the parties agree that the two-year statute of limitation for Cameron's ensuing personal-injury claims expired on August 22, 2018. See OCGA §§ 9-3-33 (with exceptions not relevant here, "actions for injuries to the person shall be brought within two years after the right of action accrues"); 9-3-99

---

[1] Oral argument was held on August 5, 2025, and is archived on the Court's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A25A1518 (Aug. 5, 2025), available at https://vimeo.com/1108913849.

(tolling the statute of limitation for a tort action brought by a crime victim for the lesser of six years or until "the prosecution of such crime or act has become final or otherwise terminated"). See also OCGA §§ 40-6-1(a) (providing that traffic offenses governed by OCGA Title 40, Chapter 6 generally are misdemeanors); 40-6-73 (failure-to-yield statute).

In October 2017, Cameron executed a limited liability release in favor of Cunningham and Geico General Insurance Company — which provided Cunningham's personal motor vehicle insurance — in exchange for $30,000, the policy limits. By its terms, the release did not apply to Cunningham "to the extent other insurance coverage is available" as to the July 2016 collision. Cameron filed his initial complaint in this case on July 2, 2018, asserting a claim against Cunningham — the only named defendant — for negligence arising out of the collision. As relief, he sought damages for past medical expenses exceeding $335,000, future medical expenses, pain and suffering, and lost income.

On October 14, 2020, Cameron filed a motion to (i) amend his complaint to add JMP Pizza as a defendant and (ii) allow an amended complaint to that effect to relate back to his initial complaint under OCGA § 9-11-15(c). He asserted, as relevant here,

that a liability insurance policy issued by Hanover Insurance — which he previously (but mistakenly) believed covered Cunningham — in fact covered only JMP Pizza. The trial court granted the motion in June 2023.[2] Cameron filed an amended complaint adding JMP Pizza as a defendant later that day and served it the following day. In his operative complaint, Cameron asserts that JMP Pizza is vicariously liable for Cunningham's negligence as her employer.

In December 2024, JMP Pizza moved to dismiss Cameron's complaint, or alternatively, for summary judgment, arguing that the two-year statute of limitation bars the claims against it. The trial court granted the motion for summary judgment, concluding that, under OCGA § 9-11-15(c), a plaintiff may not add a new defendant outside of the limitation period absent evidence that he previously sued the "wrong party" within the limitation period, which, the court ruled, is not what happened here.[3] This appeal followed.

---

[2] The reason for the nearly three-year delay in addressing this motion is not immediately apparent from the record on appeal.

[3] Although the trial court's order did not explicitly state that it was granting summary judgment, rather than a motion to dismiss, it necessarily did so because it considered factual matters established outside of the pleadings. See OCGA § 9-11-12(b) ("If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not

Cameron challenges the trial court's ruling that his claims against JMP Pizza do not relate back to his initial complaint against Cunningham and therefore are time-barred. Among other things, Cameron argues that JMP Pizza cannot show that he initially sued only Cunningham "while fully understanding the factual and legal differences between the [two defendants]," in particular, which party or parties was or were covered by available insurance policies. (Quotation marks omitted.) We agree that summary judgment was not warranted.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the movant meets this burden, the nonmovant cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Henry*, 362 Ga. App. at 460–61 (citation modified). See OCGA § 9-11-56(c), (e).

---

excluded by the court, the motion shall be treated as one for summary judgment."). Cameron filed a motion for reconsideration of the grant of summary judgment to JMP Pizza, which, it appears, the trial court never ruled on.

At issue here is whether Cameron's claims against JMP Pizza relate back to his initial complaint under OCGA § 9-11-15(c). Typically, we review a trial court's decision on adding a party under the relation-back statute for an abuse of discretion. *Langley v. Travelers Ins. Thru GEICO*, 364 Ga. App. 294, 296 (874 SE2d 487) (2022). Because a trial court's discretion "must be exercised in conformity with the governing legal principles," it abuses that discretion if it denies such a motion when a plaintiff satisfies the statutory requirements. Id. (quotation marks omitted). Here, as this case is before us on appeal from a summary judgment ruling, in determining whether Cameron has satisfied the OCGA § 9-11-15(c) requirements so as to avoid the statute of limitation, we must view the record in the light most favorable to him, as the non-movant. See *Henry*, 362 Ga. App. at 460.

Whether the claims asserted by Cameron against JMP Pizza for the first time in his June 2023 amended complaint relate back to July 2018, when he filed his initial complaint against Cunningham only, is governed by the "relation back" statute, which provides:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the

date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

OCGA § 9-11-15(c).

Thus, under this statute, a plaintiff may substitute one defendant for another after the statute of limitation has expired if three conditions are met: (i) "the claim arises out of the conduct, transaction, or occurrence set forth in the original pleading"; (ii) before the statute of limitation expired, the new defendant "received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and (iii) before the limitation period expired, the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." *Oconee County v. Cannon*, 310 Ga. 728, 733(2) (854 SE2d 531) (2021) (citation modified). "The provisions of OCGA § 9-11-15(c) should be liberally construed to effect its purpose of

7

ameliorating the impact of the statute of limitation." *Cartwright v. Fuji Photo Film U.S.A., Inc.*, 312 Ga. App. 890, 894(2) (720 SE2d 200) (2011) (quotation marks omitted). This appeal concerns only whether the third prong of the statutory test has been met, as JMP Pizza does not challenge the trial court's ruling that the first two prongs were satisfied.

Because OCGA § 9-11-15(c)'s text "focuses clearly on the proposed defendant's knowledge," the proper question in determining whether the third prong of the relation-back test is met "is not whether the *plaintiff* knew or should have known the identity of the proper defendant, but whether the proper *defendant* knew or should have known that the action would have been brought against him but for the plaintiff's mistake." *Cannon*, 310 Ga. at 734(2). Thus, "information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake." Id. (citation modified).

In that vein, knowing a party *exists* does not preclude a plaintiff from making a mistake as to that party's *identity*. *Krupski v. Costa Crociere S. p. A.*, 560 US 538,

549(II)(A) (130 SCt 2485, 177 LE2d 48) (2010) (addressing Federal Rule of Civil Procedure 15(c)).[4] Thus,

> [a] plaintiff may know that a prospective defendant — call [it] party A — exists, while erroneously believing [it] to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the conduct, transaction, or occurrence giving rise to [his] claim. If the plaintiff sues party B instead of party A under these circumstances, [he] has made a mistake concerning the proper party's identity notwithstanding [his] knowledge of the existence of both parties. The only question . . . then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against [it].

Id. Accordingly, to determine whether a claim against a new defendant relates back, a court must ask whether the *new defendant* knew or should have known that the plaintiff would have sued it but for the plaintiff's "mistake concerning the identity of the proper party." *Cannon*, 310 Ga. at 736(3). "The proposed new defendant has the initial burden to show that OCGA § 9-11-15(c) is inapplicable, following which the

---

[4] Because OCGA § 9-11-15(c) "is modeled after Federal Rule of Civil Procedure 15(c)," Georgia courts "may look for guidance in decisions of the federal courts interpreting and applying Rule 15(c) to interpret OCGA § 9-11-15(c)." *Cannon*, 310 Ga. at 733(2) (quotation marks omitted).

burden shifts back to the plaintiff to show that OCGA § 9-11-15(c) is applicable." *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005).

While "'identity' considered in isolation may usually be a factual issue, an inquiry as to which party is 'proper' carries with it a wide range of legal considerations as well as factual ones." *Cannon*, 310 Ga. at 734(2). "Accordingly, both legal and factual mistakes can be mistakes concerning the identity of the proper party." Id. at 735(2). Thus, even where a plaintiff's mistake is not a factual one "about the 'identity' of potential defendants," it may still constitute a mistake "about which party was the 'proper' defendant" for purposes of OCGA § 9-11-15(c). Id.

Nevertheless, for the statute to apply, a plaintiff "must have made a 'mistake' as opposed to a deliberate choice to sue one party over another with full knowledge of the factual and legal differences between the two." *Cannon*, 310 Ga. at 735(2). Thus, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of [the relation-back statute] are not met." *Krupski*, 560 US at 552(II)(A). See id. at 549(II)(A) ("[M]aking a deliberate choice to

sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity.").

But it does not follow that a "proper defendant could reasonably believe that the plaintiff made no mistake" whenever the plaintiff "is aware of the existence of two parties" and chooses to sue one but not the other, as "[t]he reasonableness of the mistake is not itself at issue." *Krupski*, 560 US at 549(II)(A). Thus, a plaintiff's "deliberate but mistaken choice" to sue a different defendant due to "a misunderstanding about his status or role in the events giving rise to the claim at issue" does not foreclose application of the relation-back statute, even when the plaintiff knows "that the prospective defendant exists." Id. "Because a plaintiff's knowledge of the existence of a party does not foreclose the possibility that [he] has made a mistake of identity about which that party should have been aware, such knowledge does not support" the "interest in repose" possessed by a "defendant who legitimately believed that the limitations period had passed without any attempt to sue him." Id. at 550(II)(A).

Here, in September 2016, Cameron's then-counsel Philip Milam sent JMP's insurer, Hanover, a letter notifying it of Milam's representation of Cameron in connection with the July 2016 collision, identifying Hanover's insured as "Domino's / Sandra Cunningham," and requesting certain information regarding "the liability insurance policy issued by [Hanover] to [its] insured."[5] Thus, there appears to be no question that, at that time: (i) Milam was aware that Cunningham was working for JMP when the collision occurred and that the Hanover policy was at issue; and (ii) Hanover was on notice that Milam had made that connection. The following day, a Hanover adjuster sent Milam a letter identifying its insured as "JMP PIZZA INC, DBA DOMINO'S PIZZA" and requesting certain information regarding Cameron's Medicare coverage. Two months later, another Hanover adjuster sent Milam a letter stating that the claim had been assigned to that adjuster and requesting copies of all "applicable medical records and medical bills and lost wage documentation (if applicable)." The same adjuster later sent Milam multiple follow-up letters between December 2016 and June 2018, asking if Cameron was "still treating for the injuries

---

[5] In addition, Cunningham testified in a deposition that she "talked to" Hanover personnel "when the wreck first happened," although she recalled no further communications with Hanover.

12

he suffered" in the July 2016 collision and requesting all applicable medical records and bills and lost wage information.[6]

Moreover, Cunningham informed a JMP Pizza manager and assistant manager that she had been sued the day after she was served with the initial complaint in July 2018. And less than one month later, she also showed the complaint to a supervisor at the request of Podsen (JMP's owner), who told her at that time that he "couldn't figure out why they weren't mentioned in there." On July 3, 2018, the day after Cameron sued Cunningham, Milam sent the Hanover adjuster an offer to settle Cameron's claims against its "insured" — which the offer identified as Cunningham — for the Hanover policy limits of (according to Milam) $2.5 million. On July 31, 2020, Hanover's counsel sent Milam a letter informing him that, while it provided liability insurance coverage to JMP Pizza, it provided no such coverage to Cunningham individually.[7]

---

[6] It is unclear on the current record whether any of the documentation requested by Hanover was provided, although Cameron's counsel provided some of the underlying information in a July 3, 2018 settlement offer to Hanover.

[7] It appears that this may have been the first time that Hanover responded to Cameron's settlement offer.

The trial court determined that Cameron's June 2023 amended complaint, in which he first named JMP Pizza as a defendant, did not relate back to his initial July 2018 complaint because he did not initially name the "wrong" defendant. In so ruling, the court necessarily — if implicitly — concluded that: (i) Cunningham was not a "wrong" defendant; and (ii) a defendant may be added under OCGA § 9-11-15(c) only where that defendant is a proper defendant *replacing* an *improper* defendant. But under our precedent, OCGA § 9-11-15(c) imposes no such requirement for an amended pleading adding a defendant to relate back to a prior pleading.

"Although OCGA § 9-11-15(c) refers to 'an amendment *changing* the party,' the ambit of the relation back provision has been construed to include cases where, as here, the plaintiff adds rather than substitutes a new party defendant." *HD Supply, Inc. v. Garger*, 299 Ga. App. 751, 754(1) (683 SE2d 671) (2009). Accord *Fontaine v. Home Depot*, 250 Ga. App. 123, 124(1) (550 SE2d 691) (2001) ("OCGA § 9-11-15(c) applies to motions to add a party as well as to substitute a party."); *Cobb v. Stephens*, 186 Ga. App. 648, 649 (368 SE2d 341) (1988) ("[The] broad interpretation of the ambit of OCGA § 9-11-15(c) as authority to add, as well as to change, parties has been consistently followed." (emphases omitted)). See also generally *Kunkel v. Hillman*,

14

372 Ga. App. 250, 251–53(1) (904 SE2d 91) (2024) (reversing denial of motion to add additional defendant under OCGA § 9-11-15(c)); *Cartwright*, 312 Ga. App. at 895–96(2)(c) (affirming ruling that amendment to complaint adding additional defendants related back to initial filing of lawsuit under OCGA § 9-11-15(c)); *Little Tree v. Fields*, 240 Ga. App. 12, 13–14(1)(b) (522 SE2d 509) (1999) (physical precedent only) (affirming addition of additional defendant under OCGA § 9-11-15(c)). And because OCGA § 9-11-15(c) allows adding a party, it follows that the statute applies where a plaintiff seeks to add a proper defendant to a lawsuit that already names another proper defendant, as is the case here.[8]

In his motion to add JMP Pizza as a defendant, Cameron asserted that he mistakenly named only Cunningham in his initial complaint "because he did not understand that the Hanover insurance policy covered only JMP Pizza" and not "Cunningham individually." Indeed, the record indicates that he first learned that

---

[8] While the statutory test recited in *Cannon* refers to "substitut[ing] one defendant for another," 310 Ga. at 733(2) — which was the situation in that case — nothing in that decision explicitly limits application of OCGA § 9-11-15(c) to that situation only or otherwise abrogates our prior case law applying the statute to the addition of additional defendants.

Hanover would not provide coverage for Cunningham in 2020, well after the statute of limitation expired.

Viewing the record in the light most favorable to Cameron, the evidence supports the proposition that he mistakenly thought that Cunningham was the only party he needed to sue because he mistakenly believed that she was covered by the Hanover policy. See *Cannon*, 310 Ga. at 735(2) ("[B]oth legal and factual mistakes can be mistakes concerning the identity of the proper party."). And so viewed, the record evidence further shows that, within a month of when Cunningham was served on July 2, 2018 — before the statute of limitation expired on August 22, 2018 — JMP Pizza's owner was aware of both the lawsuit and Cameron's mistake in not naming it as a defendant. Moreover, a JMP Pizza corporate representative testified in a deposition that: (i) Hanover was keeping JMP Pizza "up to date" on the status of claims arising out of the July 2016 collision; (ii) Hanover had repeatedly explained to Cameron's counsel that it covered JMP Pizza, but not Cunningham; and (iii) during this time, Hanover regularly asked whether JMP Pizza had "heard anything" from Cameron, "received any letters" about any such claims, or "been served." In addition, JMP

Pizza also knew that Cunningham had received a citation as a result of the collision and paid the ensuing fine.

Thus, viewed favorably to Cameron, the record shows that JMP Pizza "knew or should have known that, but for a mistake concerning the identity of" the party covered by the Hanover policy, it would have been sued within the statute of limitation. OCGA § 9-11-15(c). Similarly, the record does not suggest that Cameron's failure to name JMP Pizza in his initial complaint resulted from a "fully informed decision as opposed to a mistake concerning the proper defendant's identity." *Krupski*, 560 US at 552(II)(A). In that regard, given the meager $30,000 limits of Cunningham's Geico policy and Cameron's claimed damages of more than $335,000, JMP Pizza cannot reasonably have thought that Cameron's failure to initially name it as a defendant was strategic rather than simply mistaken. Cf. id. at 555(II)(C) (observing that the new defendant had "articulated no strategy that it could reasonably have thought" the plaintiff was pursuing in initially suing a different defendant "that was legally unable to provide relief"). Whether that mistake was reasonable has no bearing on the application of the relation-back statute, which

focuses on the defendant's (actual or constructive) knowledge of such mistake, not its reasonableness. See id. at 549(II)(A).

For the above reasons, we reverse the grant of summary judgment to JMP Pizza and remand this case to the trial court for further proceedings.

*Judgment reversed and case remanded. Dillard, P. J., and Mercier, J., concur.*

18